IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JOHN KIRK OWENS, | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION FILE NO. 5:09-CV-399 |
| | : | |
| v. | : | |
| | : | |
| CITY OF McDONOUGH, GEORGIA; | : | |
| KENNETH B. NOBLE; JOHN | : | |
| ABERNATHY; and WILLIAM STOKES, | : | |
| | : | |
| Defendants | : | |

## ANSWER OF DEFENDANT JOHN ABERNATHY

COMES NOW Defendant John Abernathy, one of the named Defendants in

the above-styled action ("this Defendant" or "Defendant Abernathy"), and files this,

his Answer to Plaintiff's Complaint and respectfully shows the Court as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant Abernathy for

which relief can be granted.

### SECOND DEFENSE

Plaintiff's Complaint fails to state a claim upon which an award of damages

can be based.

### THIRD DEFENSE

Defendant Abernathy is entitled to dismissal of Plaintiff's claims against him

pursuant to Fed.R.Civ.P. 12(b)(6) under the qualified immunity standard for

Plaintiff's arrest. This Defendant hereby asserts the defense of qualified immunity

since at all times relevant hereto, this Defendant was performing discretionary acts

in his capacity as a deputy with the Bibb County Sheriff's Office and did not violate any clearly established federal right of which a reasonable person would have known.

## FOURTH DEFENSE

The claims asserted by Plaintiff against this Defendant are barred by the Doctrine of Official Immunity and this Defendant hereby asserts the defense of official immunity.

## FIFTH DEFENSE

The claims asserted by Plaintiff against this Defendant are barred by the Doctrine of Absolute Immunity and this Defendant hereby asserts the defense of absolute immunity.

## SIXTH DEFENSE

Plaintiff's claims, in whole or part, are barred by the applicable statute of limitations.

## SEVENTH DEFENSE

This Defendant raises the defense of insufficiency of service of process.

## EIGHTH DEFENSE

Plaintiff's Complaint fails to set forth any violation or deprivation of rights guaranteed by the United States Constitution, the Constitution of the State of Georgia, or any other state or federal statute.

## NINTH DEFENSE

Responding to the specific allegations set forth in the numbered paragraphs of Plaintiff's Complaint, Defendant John Abernathy states as follows:

## INTRODUCTION

### 1.

The allegations set forth in Paragraph 1 of Plaintiff's Complaint are ADMITTED insofar as they allege that Plaintiff brings claims under 42 U.S.C. § 1983, seeks equitable relief, monetary damages, and an award of attorney's fees and costs. The remaining allegations set forth in Paragraph 1 of Plaintiff's Complaint are DENIED.

## JURISDICTION AND VENUE

### 2.

The allegations set forth in Paragraph 2 of Plaintiff's Complaint are ADMITTED.

### 3.

The allegations set forth in Paragraph 3 of Plaintiff's Complaint are ADMITTED.

## PARTIES

### 4.

Upon information and belief, the allegations set forth in Paragraph 4 of Plaintiff's Complaint are ADMITTED.

### 5.

Upon information and belief, the allegations set forth in Paragraph 5 of Plaintiff's Complaint are ADMITTED.

6.

This Defendant is without sufficient information upon which to form a belief as to the veracity of the allegations set forth in Paragraph 6 of Plaintiff's Complaint and thus can neither admit or deny same.

7.

The allegations set forth in Paragraph 7 of Plaintiff's Complaint are ADMITTED only to the extent that this Paragraph purports to reiterate allegations outlined in other paragraphs of Plaintiff's Complaint. All factual allegations set forth in Paragraph 7 of Plaintiff's Complaint are DENIED.

8.

This Defendant is without sufficient information upon which to form a belief as to the veracity of the allegations set forth in Paragraph 8 of Plaintiff's Complaint and thus can neither admit nor deny same.

9.

This Defendant is without sufficient information upon which to form a belief as to the veracity of the allegations set forth in Paragraph 9 of Plaintiff's Complaint and thus can neither admit nor deny same.

10.

Upon information and belief, the allegations set forth in Paragraph 10 of Plaintiff's Complaint are ADMITTED.

11.

This Defendant denies Paragraph 11 as pled. Further answering, this Defendant admits that he was at all times acting in his official capacity as a duly

sworn, certified deputy with the Bibb County Sheriff's Office and within his discretionary authority as such officer.

12.

This Defendant is without sufficient information upon which to form a belief as to the veracity of the allegations set forth in Paragraph 12 of Plaintiff's Complaint and thus can neither admit nor deny same.

13.

This Defendant is without sufficient information upon which to form a belief as to the veracity of the allegations set forth in Paragraph 13 of Plaintiff's Complaint and thus can neither admit nor deny same.

FACTUAL ALLEGATIONS

14.

This Defendant is without sufficient information upon which to form a belief as to the veracity of the allegations set forth in Paragraph 14 of Plaintiff's Complaint and thus can neither admit nor deny same.

15.

This Defendant is without sufficient information upon which to form a belief as to the veracity of the allegations set forth in Paragraph 15 of Plaintiff's Complaint and thus can neither admit nor deny same.

16.

This Defendant is without sufficient information upon which to form a belief as to the veracity of the allegations set forth in Paragraph 16 of Plaintiff's Complaint and thus can neither admit nor deny same.

17.

This Defendant is without sufficient information upon which to form a belief as to the veracity of the allegations set forth in Paragraph 17 of Plaintiff's Complaint and thus can neither admit nor deny same.

18.

This Defendant is without sufficient information upon which to form a belief as to the veracity of the allegations set forth in Paragraph 18 of Plaintiff's Complaint and thus can neither admit nor deny same.

19.

This Defendant is without sufficient information upon which to form a belief as to the veracity of the allegations set forth in Paragraph 19 of Plaintiff's Complaint and thus can neither admit nor deny same.

20.

This Defendant is without sufficient information upon which to form a belief as to the veracity of the allegations set forth in Paragraph 20 of Plaintiff's Complaint and thus can neither admit nor deny same.

21.

This Defendant is without sufficient information upon which to form a belief as to the veracity of the allegations set forth in Paragraph 21 of Plaintiff's Complaint and thus can neither admit nor deny same.

22.

This Defendant is without sufficient information upon which to form a belief as to the veracity of the allegations set forth in Paragraph 22 of Plaintiff's Complaint and thus can neither admit nor deny same.

23.

This Defendant is without sufficient information upon which to form a belief as to the veracity of the allegations set forth in Paragraph 23 of Plaintiff's Complaint and thus can neither admit nor deny same.

24.

This Defendant is without sufficient information upon which to form a belief as to the veracity of the allegations set forth in Paragraph 24 of Plaintiff's Complaint and thus can neither admit nor deny same.

25.

This Defendant is without sufficient information upon which to form a belief as to the veracity of the allegations set forth in Paragraph 25 of Plaintiff's Complaint and thus can neither admit nor deny same.

26.

This Defendant is without sufficient information upon which to form a belief as to the veracity of the allegations set forth in Paragraph 26 of Plaintiff's Complaint and thus can neither admit nor deny same.

27.

This Defendant is without sufficient information upon which to form a belief as to the veracity of the allegations set forth in Paragraph 27 of Plaintiff's Complaint and thus can neither admit nor deny same.

28.

This Defendant is without sufficient information upon which to form a belief as to the veracity of the allegations set forth in Paragraph 28 of Plaintiff's Complaint and thus can neither admit nor deny same.

29.

This Defendant is without sufficient information upon which to form a belief as to the veracity of the allegations set forth in Paragraph 29 of Plaintiff's Complaint and thus can neither admit nor deny same.

30.

The allegations set forth in Paragraph 30 of Plaintiff's Complaint are ADMITTED insofar as it is alleged that William Stokes investigated an armed robbery of a Marathon convenience store located on Highway 96 in Twiggs County, Georgia. This Defendant is without sufficient information upon which to form a belief as to the veracity of the remaining allegations set forth in Paragraph 30 of Plaintiff's Complaint and thus can neither admit nor deny same.

31.

This Defendant is without sufficient information upon which to form a belief as to the veracity of the allegations set forth in Paragraph 31 of Plaintiff's Complaint and thus can neither admit nor deny same.

32.

This Defendant is without sufficient information upon which to form a belief as to the veracity of the allegations set forth in Paragraph 32 of Plaintiff's Complaint and thus can neither admit nor deny same.

33.

This Defendant is without sufficient information upon which to form a belief as to the veracity of the allegations set forth in Paragraph 33 of Plaintiff's Complaint and thus can neither admit nor deny same.

34.

This Defendant is without sufficient information upon which to form a belief as to the veracity of the allegations set forth in Paragraph 34 of Plaintiff's Complaint and thus can neither admit nor deny same.

35.

This Defendant is without sufficient information upon which to form a belief as to the veracity of the allegations set forth in Paragraph 35 of Plaintiff's Complaint and thus can neither admit nor deny same.

36.

This Defendant is without sufficient information upon which to form a belief as to the veracity of the allegations set forth in Paragraph 36 of Plaintiff's Complaint and thus can neither admit nor deny same.

37.

This Defendant is without sufficient information upon which to form a belief as to the veracity of the allegations set forth in Paragraph 37 of Plaintiff's Complaint and thus can neither admit nor deny same.

38.

This Defendant is without sufficient information upon which to form a belief as to the veracity of the allegations set forth in Paragraph 38 of Plaintiff's Complaint and thus can neither admit nor deny same.

39.

This Defendant is without sufficient information upon which to form a belief as to the veracity of the allegations set forth in Paragraph 39 of Plaintiff's Complaint and thus can neither admit nor deny same.

40.

The allegations set forth in Paragraph 40 of Plaintiff's Complaint are ADMITTED insofar as it is alleged that Kenneth Noble investigated a robbery of First Bank located in McDonough, Georgia. This Defendant is without sufficient information upon which to form a belief as to the veracity of the remaining allegations set forth in Paragraph 40 of Plaintiff's Complaint and thus can neither admit nor deny same.

41.

This Defendant is without sufficient information upon which to form a belief as to the veracity of the allegations set forth in Paragraph 41 of Plaintiff's Complaint and thus can neither admit nor deny same.

42.

The allegations set forth in Paragraph 42 of Plaintiff's Complaint are ADMITTED insofar as they reiterate the content of investigation reports and incident reports prepared by officers of the Bibb County Sheriff's Office and of witness statements provided by bank employees. Responding further, Defendant Abernathy states that a witness described the perpetrator as weighing approximately 200 pounds.

43.

The allegations set forth in Paragraph 43 of Plaintiff's Complaint are ADMITTED insofar as they reiterate the content of the witness statement provided by Amy Gorham.

44.

The allegations set forth in Paragraph 44 of Plaintiff's Complaint are DENIED. Responding further, upon information and belief, this Defendant shows that no surveillance footage was obtained from the robbery of the Colonial Bank in Bibb County on November 2, 2007 because the tape had not been changed in the surveillance camera.

45.

This Defendant is without sufficient information upon which to form a belief as to the veracity of the allegations set forth in Paragraph 45 of Plaintiff's Complaint and thus can neither admit nor deny same.

46.

This Defendant is without sufficient information upon which to form a belief as to the veracity of the allegations set forth in Paragraph 46 of Plaintiff's Complaint and thus can neither admit nor deny same.

47.

This Defendant is without sufficient information upon which to form a belief as to the veracity of the allegations set forth in Paragraph 47 of Plaintiff's Complaint and thus can neither admit nor deny same.

48.

This Defendant is without sufficient information upon which to form a belief as to the veracity of the allegations set forth in Paragraph 48 of Plaintiff's Complaint and thus can neither admit nor deny same.

49.

This Defendant is without sufficient information upon which to form a belief as to the veracity of the allegations set forth in Paragraph 49 of Plaintiff's Complaint and thus can neither admit nor deny same.

50.

This Defendant is without sufficient information upon which to form a belief as to the veracity of the allegations set forth in Paragraph 50 of Plaintiff's Complaint and thus can neither admit nor deny same.

51.

The allegations set forth in Paragraph 51 of Plaintiff's Complaint are ADMITTED insofar as they reiterate the content of investigation reports and incident

reports prepared by officers of the Bibb County Sheriff's Office and of witness statements provided by bank employees. Responding further, Defendant Abernathy states that a witness described the perpetrator as weighing over 200 pounds.

52.

The allegations set forth in Paragraph 52 of Plaintiff's Complaint are ADMITTED insofar as they reiterate the content of the witness statement provided by Tiffany Coffer.

53.

This Defendant is without sufficient information upon which to form a belief as to the veracity of the allegations set forth in Paragraph 53 of Plaintiff's Complaint and thus can neither admit nor deny same.

54.

This Defendant is without sufficient information upon which to form a belief as to the veracity of the allegations set forth in Paragraph 54 of Plaintiff's Complaint and thus can neither admit nor deny same.

55.

This Defendant is without sufficient information upon which to form a belief as to the veracity of the allegations set forth in Paragraph 55 of Plaintiff's Complaint and thus can neither admit nor deny same.

56.

This Defendant is without sufficient information upon which to form a belief as to the veracity of the allegations set forth in Paragraph 56 of Plaintiff's Complaint and thus can neither admit nor deny same.

57.

This Defendant is without sufficient information upon which to form a belief as to the veracity of the allegations set forth in Paragraph 57 of Plaintiff's Complaint and thus can neither admit nor deny same.

58.

This Defendant is without sufficient information upon which to form a belief as to the veracity of the allegations set forth in Paragraph 58 of Plaintiff's Complaint and thus can neither admit nor deny same.

59.

The allegations set forth in Paragraph 59 of Plaintiff's Complaint are DENIED.

60.

This Defendant is without sufficient information upon which to form a belief as to the veracity of the allegations set forth in Paragraph 60 of Plaintiff's Complaint and thus can neither admit nor deny same.

61.

This Defendant is without sufficient information upon which to form a belief as to the veracity of the allegations set forth in Paragraph 61 of Plaintiff's Complaint and thus can neither admit nor deny same.

62.

This Defendant is without sufficient information upon which to form a belief as to the veracity of the allegations set forth in Paragraph 62 of Plaintiff's Complaint and thus can neither admit nor deny same.

63.

This Defendant is without sufficient information upon which to form a belief as to the veracity of the allegations set forth in Paragraph 63 of Plaintiff's Complaint and thus can neither admit nor deny same.

64.

This Defendant is without sufficient information upon which to form a belief as to the veracity of the allegations set forth in Paragraph 64 of Plaintiff's Complaint and thus can neither admit nor deny same.

65.

This Defendant is without sufficient information upon which to form a belief as to the veracity of the allegations set forth in Paragraph 65 of Plaintiff's Complaint and thus can neither admit nor deny same.

66.

This Defendant is without sufficient information upon which to form a belief as to the veracity of the allegations set forth in Paragraph 66 of Plaintiff's Complaint and thus can neither admit nor deny same.

67.

The allegations set forth in Paragraph 67 of Plaintiff's Complaint are ADMITTED insofar as it is alleged that a witness to the Capital City Bank robbery

described the perpetrator's vehicle as a late model tan or gold Chevy Silverado truck with an extended cab. Responding further, Defendant Abernathy states that witnesses to the Colonial Bank robbery did not see the perpetrator get into or out of any vehicle. This Defendant is without sufficient information upon which to form a belief as to the veracity of the remaining allegations set forth in Paragraph 67 of Plaintiff's Complaint and thus can neither admit nor deny same.

68.

The allegations set forth in Paragraph 68 of Plaintiff's Complaint are DENIED.

69.

This Defendant is without sufficient information upon which to form a belief as to the veracity of the allegations set forth in Paragraph 69 of Plaintiff's Complaint and thus can neither admit nor deny same.

70.

This Defendant is without sufficient information upon which to form a belief as to the veracity of the allegations set forth in Paragraph 70 of Plaintiff's Complaint and thus can neither admit nor deny same.

71.

This Defendant is without sufficient information upon which to form a belief as to the veracity of the allegations set forth in Paragraph 71 of Plaintiff's Complaint and thus can neither admit nor deny same.

72.

This Defendant is without sufficient information upon which to form a belief as to the veracity of the allegations set forth in Paragraph 72 of Plaintiff's Complaint and thus can neither admit nor deny same.

73.

This Defendant is without sufficient information upon which to form a belief as to the veracity of the allegations set forth in Paragraph 73 of Plaintiff's Complaint and thus can neither admit nor deny same.

74.

This Defendant is without sufficient information upon which to form a belief as to the veracity of the specific allegation set forth in Paragraph 74 of Plaintiff's Complaint and thus can neither admit nor deny same.

75.

This Defendant is without sufficient information upon which to form a belief as to the veracity of the specific allegation set forth in Paragraph 75 of Plaintiff's Complaint and thus can neither admit nor deny same.

76.

This Defendant is without sufficient information upon which to form a belief as to the veracity of the specific allegation set forth in Paragraph 76 of Plaintiff's Complaint and thus can neither admit nor deny same.

77.

This Defendant is without sufficient information upon which to form a belief as to the veracity of the specific allegations set forth in Paragraph 77 of Plaintiff's Complaint and thus can neither admit nor deny same.

78.

This Defendant is without sufficient information upon which to form a belief as to the veracity of the allegations set forth in Paragraph 78 of Plaintiff's Complaint and thus can neither admit nor deny same.

79.

The allegation set forth in Paragraph 79 of Plaintiff's Complaint is DENIED.

80.

This Defendant is without sufficient information upon which to form a belief as to the veracity of the allegations set forth in Paragraph 80 of Plaintiff's Complaint and thus can neither admit nor deny same.

81.

The allegations set forth in Paragraph 81 of Plaintiff's Complaint are ADMITTED insofar as it is alleged that Defendant Abernathy received a telephone call from Kenneth Noble regarding a possible bank robbery suspect. The remaining allegations set forth in Paragraph 81 of Plaintiff's Complaint are DENIED.

82.

The allegations set forth in Paragraph 82 of Plaintiff's Complaint are ADMITTED to the extent that it is alleged that Defendant Abernathy received information concerning the physical description of the individual who robbed First

Bank in McDonough. The remaining allegations set forth in Paragraph 82 of Plaintiff's Complaint are DENIED.

83.

The allegations set forth in Paragraph 83 of Plaintiff's Complaint are ADMITTED.

84.

This Defendant is without sufficient information upon which to form a belief as to the veracity of the allegations set forth in Paragraph 84 of Plaintiff's Complaint and thus can neither admit nor deny same. Responding further, Defendant Abernathy states that Noble informed Abernathy that Plaintiff had two charges for driving under the influence but no felony charges on his record.

85.

The allegations set forth in Paragraph 85 of Plaintiff's Complaint are DENIED.

86.

The allegations set forth in Paragraph 86 of Plaintiff's Complaint are DENIED.

87.

The allegations set forth in Paragraph 87 of Plaintiff's Complaint are ADMITTED to the extent that it is alleged that Defendant Abernathy placed Plaintiff's photograph in a photographic lineup to present to employees of Colonial Bank and Capital City Bank. The remaining allegations set forth in Paragraph 87 of Plaintiff's Complaint are DENIED.

88.

The allegations set forth in Paragraph 88 of Plaintiff's Complaint are ADMITTED.

89.

The allegations set forth in Paragraph 89 of Plaintiff's Complaint are ADMITTED. Responding further, Defendant Abernathy shows that Chiquita Harris did not identify anyone from the photographic lineup as the individual who robbed the Colonial Bank in Bibb County.

90.

The allegations set forth in Paragraph 90 of Plaintiff's Complaint are ADMITTED.

91.

The allegations set forth in Paragraph 91 of Plaintiff's Complaint are ADMITTED.

92.

The allegations set forth in Paragraph 92 of Plaintiff's Complaint are DENIED. Responding further, Defendant Abernathy shows that Nadia Jones chose Plaintiff's photograph from the photographic lineup as the individual who robbed Capital City Bank in Bibb County.

93.

The allegations set forth in Paragraph 93 of Plaintiff's Complaint are ADMITTED.

94.

The allegations set forth in Paragraph 94 of Plaintiff's Complaint are DENIED. Responding further, Defendant Abernathy shows that Plaintiff was identified as the individual who robbed Colonial Bank in Bibb County by bank teller Amy Gorham and was identified as the individual who robbed Capital City Bank in Bibb County by bank teller Nadia Jones.

95.

The allegations set forth in Paragraph 95 of Plaintiff's Complaint are ADMITTED.

96.

The allegations set forth in Paragraph 96 of Plaintiff's Complaint are DENIED. Responding further, Defendant Abernathy shows that bank teller Nadia Jones identified Plaintiff as the individual who robbed Capital City Bank in Bibb County.

97.

The allegations set forth in Paragraph 97 of Plaintiff's Complaint are DENIED.

98.

The allegations set forth in Paragraph 98 of Plaintiff's Complaint are DENIED.

99.

The allegations set forth in Paragraph 99 of Plaintiff's Complaint are DENIED.

100.

The allegations set forth in Paragraph 100 of Plaintiff's Complaint are DENIED.

101.

The allegations set forth in Paragraph 101 of Plaintiff's Complaint amount to a legal conclusion. To the extent that a response is required, said allegations are DENIED.

102.

The allegations set forth in Paragraph 102 of Plaintiff's Complaint are ADMITTED to the extent that Defendant Abernathy shared information concerning the physical description of the individual who robbed Colonial Bank and Capital City Bank in Bibb County and the witness identifications of Plaintiff as the perpetrator of the two bank robberies. The remaining allegations set forth in Paragraph 102 of Plaintiff's Complaint are DENIED.

103.

The allegations set forth in Paragraph 103 of Plaintiff's Complaint are DENIED.

104.

This Defendant is without sufficient information upon which to form a belief as to the veracity of the allegations set forth in Paragraph 104 of Plaintiff's Complaint and thus can neither admit nor deny same.

105.

This Defendant is without sufficient information upon which to form a belief as to the veracity of the allegations set forth in Paragraph 105 of Plaintiff's Complaint and thus can neither admit nor deny same.

106.

This Defendant is without sufficient information upon which to form a belief as to the veracity of the allegations set forth in Paragraph 106 of Plaintiff's Complaint and thus can neither admit nor deny same.

107.

The allegations set forth in Paragraph 108 of Plaintiff's Complaint are DENIED to the extent that it is alleged that Defendant Abernathy's investigation of the Bibb County bank robberies was constitutionally deficient. This Defendant is without sufficient information upon which to form a belief as to the veracity of the remaining allegations set forth in Paragraph 107 of Plaintiff's Complaint and thus can neither admit nor deny same.

108.

The allegations set forth in Paragraph 108 of Plaintiff's Complaint are DENIED to the extent that it is alleged that Defendant Abernathy's investigation of the Bibb County bank robberies was constitutionally deficient. This Defendant is without sufficient information upon which to form a belief as to the veracity of the remaining allegations set forth in Paragraph 108 of Plaintiff's Complaint and thus can neither admit nor deny same.

109.

This Defendant is without sufficient information upon which to form a belief as to the veracity of the allegations set forth in Paragraph 109 of Plaintiff's Complaint and thus can neither admit nor deny same.

110.

The allegations set forth in Paragraph 110 of Plaintiff's Complaint are ADMITTED only to the extent that it is alleged that William Stokes obtained an arrest warrant for the armed robbery of a Marathon convenience store in Twiggs County. This Defendant is without sufficient information upon which to form a belief as to the veracity of the remaining allegations set forth in Paragraph 110 of Plaintiff's Complaint and thus can neither admit nor deny same.

111.

The allegations set forth in Paragraph 111 of Plaintiff's Complaint are DENIED insofar as it is alleged that witnesses to the Bibb County robberies did not identify Plaintiff. Responding further, Defendant Abernathy shows that Plaintiff was identified as the individual who robbed Colonial Bank in Bibb County by bank teller Amy Gorham and was identified as the individual who robbed Capital City Bank in Bibb County by bank teller Nadia Jones. This Defendant is without sufficient information upon which to form a belief as to the veracity of the remaining allegations set forth in Paragraph 111 of Plaintiff's Complaint and thus can neither admit nor deny same.

112.

This Defendant is without sufficient information upon which to form a belief as to the veracity of the allegations set forth in Paragraph 112 of Plaintiff's Complaint and thus can neither admit nor deny same.

113.

This Defendant is without sufficient information upon which to form a belief as to the veracity of the allegations set forth in Paragraph 113 of Plaintiff's Complaint and thus can neither admit nor deny same.

114.

The allegations set forth in Paragraph 114 of Plaintiff's Complaint are DENIED.

115.

The allegations set forth in Paragraph 115 of Plaintiff's Complaint are DENIED.

116.

The allegations set forth in Paragraph 116 of Plaintiff's Complaint amount to a legal conclusion. To the extent that a response is required, said allegations are DENIED.

117.

The allegations set forth in Paragraph 117 of Plaintiff's Complaint are ADMITTED.

118.

The allegations set forth in Paragraph 118 of Plaintiff's Complaint are ADMITTED insofar as it is alleged that Defendant Abernathy executed the Bibb County arrest warrants. The remaining allegations set forth in Paragraph 118 of Plaintiff's Complaint are DENIED.

119.

The allegations set forth in Paragraph 119 of Plaintiff's Complaint are DENIED.

120.

The allegations set forth in Paragraph 120 of Plaintiff's Complaint are ADMITTED to the extent that it is alleged that Abernathy traveled to Henry County on November 21, 2007 for the purpose of executing the Bibb County arrest warrants. The remaining allegations set forth in Paragraph 120 of Plaintiff's Complaint are DENIED.

121.

This Defendant is without sufficient information upon which to form a belief as to the veracity of the allegations set forth in Paragraph 121 of Plaintiff's Complaint and thus can neither admit nor deny same.

122.

This Defendant is without sufficient information upon which to form a belief as to the veracity of the allegations set forth in Paragraph 122 of Plaintiff's Complaint and thus can neither admit nor deny same.

123.

This Defendant is without sufficient information upon which to form a belief as to the veracity of the allegations set forth in Paragraph 123 of Plaintiff's Complaint and thus can neither admit nor deny same.

124.

This Defendant is without sufficient information upon which to form a belief as to the veracity of the allegations set forth in Paragraph 124 of Plaintiff's Complaint and thus can neither admit nor deny same.

125.

This Defendant is without sufficient information upon which to form a belief as to the veracity of the allegations set forth in Paragraph 125 of Plaintiff's Complaint and thus can neither admit nor deny same.

126.

The allegations set forth in Paragraph 126 are ADMITTED to the extent that Plaintiff was informed that there were warrants for his arrest for robberies in Bibb County. This Defendant is without sufficient information upon which to form a belief as to the veracity of the remaining allegations set forth in Paragraph 126 of Plaintiff's Complaint and thus can neither admit nor deny same.

127.

The allegations set forth in Paragraph 127 of Plaintiff's Complaint are ADMITTED.

128.

The allegations set forth in Paragraph 128 of Plaintiff's Complaint are ADMITTED insofar as it is alleged that the search of Plaintiff's home yielded a negative result. The remaining allegations set forth in Paragraph 128 of Plaintiff's Complaint are DENIED.

129.

The allegations set forth in Paragraph 129 of Plaintiff's Complaint are ADMITTED to the extent that it is alleged that Abernathy did not participate in the search of Plaintiff's home and left the scene with Plaintiff in custody. The remaining allegations set forth in Paragraph 129 of Plaintiff's Complaint are DENIED.

130.

The allegations set forth in Paragraph 130 of Plaintiff's Complaint are DENIED.

131.

The allegations set forth in Paragraph 131 of Plaintiff's Complaint are DENIED to the extent that it is alleged that all witnesses to the robberies in Bibb County described the perpetrator as having a mustache. Responding further, Defendant Abernathy shows that the victim at the Capital City Bank robbery in Bibb County described the perpetrator as having "stubble but no beard" and "facial stubble, not fresh shaven" and that the victim at the Colonial Bank robbery in Bibb County described the perpetrator has having a "mustache and a stubble beard." This Defendant DENIES the remaining allegations set forth in Paragraph 131 of Plaintiff's Complaint.

132.

This Defendant is without sufficient information upon which to form a belief as to the veracity of the allegations set forth in Paragraph 132 of Plaintiff's Complaint and thus can neither admit nor deny same.

133.

The allegations set forth in Paragraph 133 of Plaintiff's Complaint are ADMITTED to the extent that it is alleged that the search of Plaintiff's home yielded a negative result. This Defendant is without sufficient information upon which to form a belief as to the veracity of the remaining allegations set forth in Paragraph 133 of Plaintiff's Complaint and thus can neither admit nor deny same.

134.

This Defendant is without sufficient information upon which to form a belief as to the veracity of the allegations set forth in Paragraph 134 of Plaintiff's Complaint and thus can neither admit nor deny same.

135.

This Defendant is without sufficient information upon which to form a belief as to the veracity of the allegations set forth in Paragraph 135 of Plaintiff's Complaint and thus can neither admit nor deny same.

136.

This Defendant is without sufficient information upon which to form a belief as to the veracity of the allegations set forth in Paragraph 136 of Plaintiff's Complaint and thus can neither admit nor deny same.

137.

This Defendant is without sufficient information upon which to form a belief as to the veracity of the allegations set forth in Paragraph 137 of Plaintiff's Complaint and thus can neither admit nor deny same.

138.

This Defendant is without sufficient information upon which to form a belief as to the veracity of the allegations set forth in Paragraph 138 of Plaintiff's Complaint and thus can neither admit nor deny same.

139.

The allegations set forth in Paragraph 139 of Plaintiff's Complaint are DENIED.

140.

The allegations set forth in Paragraph 140 of Plaintiff's Complaint are DENIED.

141.

The allegations set forth in Paragraph 141 of Plaintiff's Complaint amount to a legal conclusion. To the extent that a response is required, said allegations are DENIED.

142.

The allegations set forth in Paragraph 142 of Plaintiff's Complaint are ADMITTED.

143.

This Defendant is without sufficient information upon which to form a belief as to the veracity of the allegations set forth in Paragraph 143 of Plaintiff's Complaint and thus can neither admit nor deny same.

144.

The allegations set forth in Paragraph 144 of Plaintiff's Complaint are DENIED.

145.

The allegations set forth in Paragraph 145 of Plaintiff's Complaint are DENIED as pled.

146.

This Defendant is without sufficient information upon which to form a belief as to the veracity of the allegations set forth in Paragraph 146 of Plaintiff's Complaint and thus can neither admit nor deny same.

147.

The allegations set forth in Paragraph 147 of Plaintiff's Complaint are ADMITTED.

148.

This Defendant is without sufficient information upon which to form a belief as to the veracity of the allegations set forth in Paragraph 148 of Plaintiff's Complaint and thus can neither admit nor deny same.

149.

This Defendant is without sufficient information upon which to form a belief as to the veracity of the allegations set forth in Paragraph 149 of Plaintiff's Complaint and thus can neither admit nor deny same.

150.

This Defendant is without sufficient information upon which to form a belief as to the veracity of the allegations set forth in Paragraph 150 of Plaintiff's Complaint and thus can neither admit nor deny same.

151.

This Defendant is without sufficient information upon which to form a belief as to the veracity of the allegations set forth in Paragraph 151 of Plaintiff's Complaint and thus can neither admit nor deny same.

152.

The allegations set forth in Paragraph 152 of Plaintiff's Complaint are ADMIITTED.

153.

This Defendant is without sufficient information upon which to form a belief as to the veracity of the allegations set forth in Paragraph 153 of Plaintiff's Complaint and thus can neither admit nor deny same.

154.

This Defendant is without sufficient information upon which to form a belief as to the veracity of the allegations set forth in Paragraph 154 of Plaintiff's Complaint and thus can neither admit nor deny same.

155.

This Defendant is without sufficient information upon which to form a belief as to the veracity of the allegations set forth in Paragraph 155 of Plaintiff's Complaint and thus can neither admit nor deny same.

156.

The allegations set forth in Paragraph 156 of Plaintiff's Complaint are DENIED. Further answering, this Defendant shows that if any damages were suffered by Plaintiff, a fact denied by this Defendant, such damages were not the result of any acts or omissions committed by this Defendant.

COUNT I

FOURTH AMENDMENT – 42 U.S.C. §1983

(False Arrest)

157.

No response is required as to Paragraph 157 of Plaintiff's Complaint.

158.

This Defendant denies Paragraph 158 as pled. Further answering, this Defendant admits that he was at all times acting in his official capacity as a duly sworn, certified deputy with the Bibb County Sheriff's Office and within his discretionary authority as such officer. This Defendant is without sufficient information upon which to form a belief as to the remaining allegations set forth in Paragraph 158 of Plaintiff's Complaint and thus can neither admit nor deny same.

159.

The allegations set forth in Paragrah 159 of Plaintiff's Complaint are DENIED.

160.

The allegations set forth in Paragraph 160 of Plaintiff's Complaint are DENIED.

161.

The allegations set forth in Paragraph 161 of Plaintiff's Complaint amount to a legal conclusion. To the extent that a response is required, said allegations are DENIED.

162.

The allegations set forth in Paragraph 162 of Plaintiff's Complaint are DENIED.

163.

The allegations set forth in Paragraph 163 of Plaintiff's Complaint are DENIED.

164.

The allegations set forth in Paragraph 164 of Plaintiff's Complaint amount to a legal conclusion. To the extent that a response is required, said allegations are DENIED.

165.

The allegations set forth in Paragrah 165 of Plaintiff's Complaint are DENIED.

166.

The allegations set forth in Paragraph 166 of Plaintiff's Complaint are DENIED.

167.

The allegations set forth in Paragraph 167 of Plaintiff's Complaint amount to a legal conclusion. To the extent that a response is required, said allegations are DENIED.

168.

The allegations set forth in Paragraph 168 of Plaintiff's Complaint are DENIED.

169.

The allegations set forth in Paragraph 169 of Plaintiff's Complaint are DENIED.

<u>COUNT II</u>

FOURTH AMENDMENT – 42 U.S.C. §1983

(Malicious Prosecution)

170.

No response is required as to Paragraph 170 of Plaintiff's Complaint.

171.

This Defendant denies Paragraph 171 as pled. Further answering, this Defendant admits that he was at all times acting in his official capacity as a duly sworn, certified deputy with the Bibb County Sheriff's Office and within his

discretionary authority as such officer. This Defendant is without sufficient information upon which to form a belief as to the remaining allegations set forth in Paragraph 171 of Plaintiff's Complaint and thus can neither admit nor deny same.

172.

The allegations set forth in Paragraph 172 of Plaintiff's are admitted to the extent that it is alleged that Plaintiff's criminal prosecution began on November 21, 2007 pursuant to two valid warrants sworn out by Defendant Abernathy for the Bibb County robberies. The remaining allegations set forth in Paragraph 172 of Plaintiff's Complaint are DENIED.

173.

This Defendant is without sufficient information upon which to form a belief as to the veracity of the allegations set forth in Paragraph 173 of Plaintiff's Complaint and thus can neither admit nor deny same.

174.

The allegations set forth in Paragraph 174 of Plaintiff's Complaint are ADMITTED to the extent that it is alleged that the charges relating to the robberies in Bibb County were dismissed. All remaining allegations set forth in Paragraph 174 of Plaintiff's Complaint are DENIED.

175.

This Defendant is without sufficient information upon which to form a belief as to the veracity of the allegations set forth in Paragraph 175 of Plaintiff's Complaint and thus can neither admit nor deny same.

176.

This Defendant is without sufficient information upon which to form a belief as to the veracity of the allegations set forth in Paragraph 176 of Plaintiff's Complaint and thus can neither admit nor deny same.

177.

The allegations set forth in Paragraph 177 of Plaintiff's Complaint are DENIED as pled.

178.

The allegations set forth in Paragraph 178 of Plaintiff's Complaint are DENIED.

179.

The allegations set forth in Paragraph 179 of Plaintiff's Complaint amount to a legal conclusion. To the extent that a response is required, said allegations are DENIED.

180.

The allegations set forth in Paragraph 180 of Plaintiff's Complaint are DENIED.

181.

The allegations set forth in Paragraph 181 of Plaintiff's Complaint are DENIED.

182.

The allegations set forth in Paragraph 182 of Plaintiff's Complaint are DENIED.

183.

The allegations set forth in Paragraph 183 of Plaintiff's Complaint are DENIED.

COUNT III

FOURTH AMENDMENT – 42 U.S.C. §2984

(Monell Liability)

184.

No response is required as to Paragraph 184 of Plaintiff's Complaint.

185.

This Defendant is without sufficient information upon which to form a belief as to the veracity of the allegations set forth in Paragraph 185 of Plaintiff's Complaint and thus can neither admit nor deny same.

186.

This Defendant is without sufficient information upon which to form a belief as to the veracity of the allegations set forth in Paragraph 186 of Plaintiff's Complaint and thus can neither admit nor deny same.

187.

This Defendant is without sufficient information upon which to form a belief as to the veracity of the allegations set forth in Paragraph 187 of Plaintiff's Complaint and thus can neither admit nor deny same.

188.

This Defendant is without sufficient information upon which to form a belief as to the veracity of the allegations set forth in Paragraph 188 of Plaintiff's Complaint and thus can neither admit nor deny same.

189.

This Defendant is without sufficient information upon which to form a belief as to the veracity of the allegations set forth in Paragraph 189 of Plaintiff's Complaint and thus can neither admit nor deny same.

190.

This Defendant is without sufficient information upon which to form a belief as to the veracity of the allegations set forth in Paragraph 190 of Plaintiff's Complaint and thus can neither admit nor deny same.

191.

The allegations set forth in Paragraph 191 of Plaintiff's Complaint are DENIED.

192.

The allegations set forth in Paragraph 192 of Plaintiff's Complaint are DENIED.

193.

The allegations set forth in Paragraph 193 of Plaintiff's Complaint are DENIED.

Defendant John Abernathy hereby denies each and every allegation of Plaintiff's Complaint which has not heretofore been specifically admitted, denied, or otherwise controverted.

WHEREFORE, Defendant John Abernathy prays:

(a) that Plaintiff's Complaint be dismissed against this Defendant;

(b) that all relief sought by Plaintiff against this Defendant be denied;

(c) that all costs be taxed against Plaintiff; and

(d) that Defendant John Abernathy have such other and further relief as the Court deems just and proper.

This 9th day of December 2009.

/s/ Virgil L. Adams
**VIRGIL L. ADAMS**
Georgia Bar No. 004625

/s/ D. James Jordan
**D. JAMES JORDAN**
Georgia Bar No. 404465

/s/ Caroline W. Herrington
**CAROLINE W. HERRINGTON**
Georgia Bar No. 153008

Attorneys for Defendant John Abernathy

ADAMS, JORDAN & TREADWELL, P.C.
Fickling & Co. Building
577 Mulberry Street, Suite 1250
P. O. Box 928
Macon, GA 31202
(478) 743-2159
(478) 743-4938 – Facsimile

## CERTIFICATE OF SERVICE

This is to certify that on December 9, 2009, I have electronically filed the

foregoing ANSWER OF DEFENDANT JOHN ABERNATHY with the Clerk of the

Court using the CM/ECF system which will send notification of such filing to:

William J. Atkins, Esq.
ATKINS & ATTWOOD, LLC
6400 Powers Ferry Road, Suite 112
Atlanta, Georgia 30339
     Attorney for Plaintiff

Andrew J. Whalen, III, Esq.
THE WHALEN LAW FIRM, LLP
100 South Hill Street
P. O. Box 133
Griffin, Georgia 30224
     Attorney for Defendants City of McDonough, Georgia
     and Kenneth B. Noble

Terry E. Williams, Esq.
4330 South Lee Street, NE
Building 400, Suite A
Buford, Georgia 30518
     Attorney for William Stokes


     /s/ Virgil L. Adams_____
     **VIRGIL L. ADAMS**
     Georgia Bar No. 004625
     Attorney for Defendant John Abernathy

ADAMS, JORDAN & TREADWELL, P.C.
Fickling & Co. Building
577 Mulberry Street, Suite 1250
P. O. Box 928
Macon, GA 31202
(478) 743-2159
(478) 743-4938 – Facsimile