IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

JOHN KIRK OWENS,

    **Plaintiff**

v.          Civil Action

CITY OF McDONOUGH, GA,      File No. 5:09-cv-399
KENNETH B. NOBLE,
JOHN ABERNATHY,
WILLIAM STOKES,

    **Defendants**

## ANSWER AND DEFENSES
## OF THE
## CITY OF McDONOUGH, GEORGIA
## AND
## KENNETH B. NOBLE

COMES NOW the CITY OF McDONOUGH, a Georgia municipal corporation, and KENNETH B. NOBLE, and make this their Answer and assert their defenses to the Complaint:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Defendant CITY OF McDONOUGH is a Georgia municipal corporation, clothed with Sovereign Immunity for the negligent performance of its governmental duties under any State law claims asserted in the

1

Complaint. Defendant's Sovereign Immunity has not been waived. Plaintiff has the burden to plead and prove any waiver of immunity, the basis for waiver and extent thereof.

## THIRD DEFENSE

Defendant KENNETH B. NOBLE is protected by Official or Qualified Immunity from suit and liability as to all claims brought against him in an individual capacity, either pursuant to 42 U.S.C. §1983 or State law, including any Constitutional and statutory causes of action, because, at all times relevant hereto, he was performing objectively reasonable discretionary acts within the course and scope of his public office as a certified law enforcement officer of the State of Georgia, employed by Defendant City of McDonough as a sworn police officer, and did not violate any clearly established law or rights of which a reasonable person would have known. At all times relevant hereto, Defendant Noble acted in good faith and without malice.

## FOURTH DEFENSE

None of the alleged causes of action set forth in Plaintiff's Complaint rise to the level of a constitutional deprivation by these Defendants, nor support a claim for relief under 42 U.S.C. §1983.

**FIFTH DEFENSE**

Plaintiff's Complaint fails to aver, plead, or identify any specific, intentionally adopted policy of the Defendant City of McDonough giving rise to any alleged Constitutional deprivation suffered by Plaintiff. This Court should not accept as true any threadbare recitals of a cause of action's elements, supported only by mere conclusory statements of the pleader, but hold Plaintiff to its burden of proof.

**SIXTH DEFENSE**

Plaintiff's claims, in whole or in part, are barred by expiration of the applicable statute of limitations.

**SEVENTH DEFENSE**

Defendants contest venue of this action in the Middle District of Georgia inasmuch as defendants are residents of the Northern District of Georgia and entitled to be sued therein. Defendants deny that they are joint tortfeasors or jointly and severally liable with other named defendants in this action.

**EIGHTH DEFENSE**

Defendants raise the defense of insufficiency of process.

**NINTH DEFENSE**

Plaintiff's alleged damages, if any, were caused by persons other than these Defendants. Generally responding to the Plaintiff's Complaint, Defendants deny liability to Plaintiff in any manner whatsoever, or being indebted to Plaintiff in any amount whatsoever, and lack sufficient knowledge or information as to the acts and intentions of the other named defendants to form a belief as to the truth thereof.

**TENTH DEFENSE**

Defendants respond to the averments contained in individually numbered paragraphs of the Plaintiff's Complaint, as follows:

1.

Defendants are without sufficient knowledge or information to form a belief as to the truth of the averments, as plead, contained in Paragraphs 1, 4, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 37, 39, 42, 43, 44, 45, 49, 51, 52, 53, 54, 59, 62, 63, 66, 67, 68, 70, 78, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 120, 121, 122, 123, 124, 125, 126, 127, 129, 130, 131, 135, 142, 143, 144, 145, 147, 148, 149, 150, 151, 154, 155, 162, 163, 164, 165, 166, and 167 of the Complaint.

2.

Defendant denies the averments contained in Paragraphs 3, 7, 47, 50, 64, 79, 80, 81, 82, 84, 102, 103, 118, 119, 132, 133, 136, 137, 138, 139, 140, 141, 146, 156, 159, 160, 161, 168, 169, 172, 173, 174, 175, 176, 177, 178, 179, 180, 181, 182, 183, 185, 186, 187, 188, 189, 190, 191, 192 and 193 of the Complaint.

3.

Defendant admits the averments contained in Paragraphs 2, 5, 6, 8, 9, 32, 33, 34, 25, 35, 36, 38, 40, 41, 46, 48, 55, 56, 58, 60, 61, 65, 69, 71, 73, 74, 75, 76, 77, 83, 152, 153, 158 and 171 of the Complaint.

4.

In response to Paragraph 6, Defendants admit the City of McDonough operates a law enforcement agency, as a department of the City, known as the McDonough Police Department; all further averments contained in said paragraph, as plead, are denied.

5.

In response to Paragraph 57, Defendants admit Det. Noble began investigating Owens as a possible suspect; all further averments contained in said paragraph, as plead, are denied.

6.

In response to Paragraph 72, Defendants admit Det. Noble placed Owens' photograph in a six person photographic lineup; all further averments contained in said paragraph are denied.

7.

In response to Paragraph 128, Defendants admit Det. Noble executed the search warrant at Owens' home and that no evidence was seized in the search; all further averments contained in said paragraph are denied.

8.

In response to Paragraph 134, Defendants admit that Det. Noble appeared before a Henry County Magistrate Judge on November 29, 2007 and swore to facts upon which said Magistrate Judge concluded probable cause to exist to issue an arrest warrant; all further averments contained in said paragraph are denied.

9.

In response to Paragraphs 157, 170 and 184, Defendants restate and reallege their responses to the individually numbered paragraphs incorporated by reference therein.

10.

Any averments of the Plaintiff's Complaint, not contained in individually numbered paragraphs or not responded to above, are hereby denied.

WHEREFORE, having fully responded to the Complaint against them, Defendants City of McDonough and Kenneth B. Noble demand:

a. that Plaintiff's Complaint be dismissed against them;

b. that all relief sought by Plaintiff be denied;

c. that all costs be taxed against the Plaintiff; and

d. that these Defendants have such further relief as the Court deems just and proper.

e. TRIAL BY JURY IS DEMANDED as to all issues of fact.

Respectfully submitted,

THE WHALEN LAW FIRM LLP

By: /s/ Andrew J. Whalen, III
Andrew J. Whalen, III
Georgia Bar No. 750625
Leigh C. Hancher
Georgia Bar No. 322282

101 S. Hill Street
P.O. Box 133
Griffin, GA 30224
(770) 227-9456
ajwhalen3@whalenlaw.net

# CERTIFICATE OF SERVICE

I hereby certify that on December 18, 2009, I electronically filed the foregoing Answer and Defenses of the City of McDonough, Georgia and Kenneth B. Noble with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

William J. Atkins, Esq.
Atkins & Attwood, LLC
6400 Powers Ferry Road, Suite 112
Atlanta, GA 30339

Terry E. Williams, Esq.
Williams, Morris & Waymire, LLC
4330 South Lee Street
Building 400, Suite A
Buford, GA

Virgil L. Adams, Esq.
Adams, Jordan & Treadwell, P.C.
Fickling & Co. Building
577 Mulberry Street, Suite 1250
Macon, GA 31202

/s/ Andrew J. Whalen, III
Andrew J. Whalen, III
Georgia Bar No. 750625
101 South Hill Street

THE WHALEN LAW FIRM LLP
P.O. Box 133
Griffin, Georgia 30224
ajwhalen3@whalenlaw.net

Attorneys for Defendants
City of McDonough, Georgia
and Kenneth B. Noble

CERTIFICATION: The above-signed counsel hereby certifies that this document was prepared in Times New Roman 14 point font in accordance with LR 5.1B, N.D.Ga.