IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JOHN KIRK OWENS, | : | |
| Plaintiff | : | CIVIL ACTION FILE NO. 5:09-CV-399 |
| v. | : | |
| CITY OF McDONOUGH, GEORGIA; KENNETH B. NOBLE; JOHN ABERNATHY; and WILLIAM STOKES, | : | |
| Defendants | : | |

## DEFENDANT JOHN ABERNATHY'S BRIEF IN SUPPORT OF HIS MOTION TO DISMISS

COMES NOW Defendant John Abernathy, a named Defendant in the above-styled action ("this Defendant," "Abernathy," or "Defendant Abernathy"), by and through his attorneys of record, and submits this Brief in Support of his Motion to Dismiss Plaintiffs' Complaint, respectfully showing the Court as follows:

**I.  SUMMARY OF ARGUMENT**

Defendant Abernathy is protected by qualified immunity as to all claims brought by Plaintiff under 42 U.S.C. § 1983 because, at all times relevant to these events, he was performing objectively reasonable discretionary acts within the scope of his employment with the Bibb County Sheriff's Office ("BCSO") and did not violate any clearly established constitutional right of which a reasonable person would have known. Defendant Abernathy had actual probable cause for the arrest of Plaintiff for the two (2) bank robberies in Bibb County, and is therefore shielded from this suit under principles of qualified immunity. Even if Defendant Abernathy did not have actual probable cause for Plaintiff's arrest, he clearly had arguable probable cause based upon a robbery victim's identification of Plaintiff as the

individual who robbed her. See Footnote 6, *infra*. As such, Plaintiff's claims against Defendant Abernathy should be dismissed.

**II.     ARGUMENT AND CITATION OF AUTHORITIES**

    **A.     Federal Rule of Civil Procedure 12(b)(6) and Qualified Immunity.**

A complaint is subject to dismissal under Fed.R.Civ.P. 12(b)(6) "when its allegations--on their face--show that an affirmative defense bars recovery on the claim." *Marsh v. Butler County*, 268 F.3d 1014, 1022 (11th Cir. 2001) (en banc). "Once the affirmative defense of qualified immunity is advanced…'[u]nless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery[1].'" *Id.* (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1985); See also *Behrens v. Pelletier*, 516 U.S. 299, 116 S.Ct. 834, 840, 133 L.Ed.2d 773 (1996). The Eleventh Circuit applies the qualified immunity defense to dismiss a complaint at the 12(b)(6) stage of litigation[2]

---

[1] The Supreme Court urges the application of the affirmative defense of qualified immunity at the earliest possible stage of litigation since the defense is an immunity from the suit itself and not just from damages. See *Hunter v. Bryant*, 502 U.S. 224, 112 S.Ct. 534, 536, 116 L.Ed.2d 589 (1991) (emphasizing the importance of resolving questions of immunity as early as possible in litigation); *Mitchell v. Forsyth*, 472 U.S. 511, 105 S.Ct. 2806 at 2815, 86 L.Ed.2d 411 (1985) (stating that entitlement to qualified immunity is "effectively lost if a case is erroneously permitted to go to trial.")

[2] The Eleventh Circuit has applied the qualified immunity defense at the 12(b)(6) stage on numerous occasions. See, e.g., *Chesser v. Sparks*, 248 F.3d 1117, 1121

"where, (1) from the face of the complaint, (2) we must conclude that (even if a claim is otherwise sufficiently stated), (3) the law supporting the existence of that claim—given the alleged circumstances—was not already clearly established, (4) to prohibit what the government-official defendant is alleged to have done, (5) before the defendant acted." *Marsh v. Butler Co., Ala.*, 268 F.3d 1014 at 1023 (11th Cir. 2001).

The defense of qualified immunity completely protects government officials performing discretionary functions from suit in their individual capacities unless their conduct violates "'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Gonzalez v. Reno*, 325 F.3d 1228 at 1233 (11th Cir. 2003) (quoting *Hope v. Pelzer*, 536 U.S. 730, 122 S.Ct. 2508, 2515, 153 L.Ed.2d 666 (2006); *Vinyard v. Wilson*, 311 F.3d 1340, 1346 (11th Cir. 2002)). For qualified immunity to fail, the law must have been developed so concretely and so definitely that it would be obvious to all reasonable government actors, in the place

---

(11th Cir. 2001); *Denno v. School Board of Volusia County*, 218 F.3d 1267, 1275 (11th Cir. 2000); *Kyle v. Chapman*, 208 F.3d 940, 943 (11th Cir. 2000); *Maggio v. Sipple*, 211 F.3d 1346, 1355 (11th Cir. 2000); *Terrero v. U.S.*, 275 Fed. App'x 843, 846 (11th Cir. 2008); *Nichols v. Maynard*, 204 Fed. App'x 826, 829 (11th Cir. 2006); *Dacosta v. Nwachukwa*, 304 F.3d 1045, 1049 (11th Cir. 2002)(reversing district court's failure to grant 12(b)(6) motion to dismiss because defendants were entitled to qualified immunity); see also *Migut v. Flynn*, 131 Fed. App'x 262, 266-67 (11th Cir. 2005); *Haire v. Thomas*, 219 Fed. App'x 844, 847 (11th Cir. 2006)(affirming district court's granting of 12(b)(6) motion to dismiss where defendants were entitled to qualified immunity).

of defendant, that "what he is doing" violates federal law. *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987). "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Vinyard*, 311 F.3d at 1350 (citation and quotation marks omitted).

Qualified immunity is not merely a defense against liability but rather immunity from suit. *Pearson v. Callahan*, 129 S.Ct. 808, 815, 172 L.Ed.2d 565 (2009) (citing *Mitchell*, 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). At the heart of qualified immunity analysis is the objective reasonableness of the public official, without regard for his underlying intent or motivation. *Harlow v. Fitzgerald*, 457 U.S. 800 at 819, 102 S.Ct. 2727 (1982); *Lee v. Ferraro*, 284 F.3d 1188, 1195 (11th Cir. 2002). If reasonable public officials could differ on the lawfulness of the defendant's actions, the defendant is entitled to immunity. *Storck v. City of Coral Springs*, 354 F.3d 1307, 1314 (11th Cir. 2003).

### B. Defendant Abernathy Was Acting In His Discretionary Authority When Plaintiff Was Arrested.

For a government official to invoke qualified immunity, he must first prove that he was acting within his discretionary authority when the events giving rise to the plaintiff's claims occurred. *Gonzalez*, 325 F.3d 1228, 1234 (citing *Vinyard*, 311 F.3d at 1346). When a court assesses whether a particular act is discretionary, it must determine "whether the government employee was (a) performing a legitimate job-related function…(b) through means that were within his power to utilize." *Holloman v. Harland*, 370 F.3d 1252 at 1265 (11th Cir. 2004).

The acts of obtaining and executing a warrant for arrest qualify as discretionary functions of law enforcement officers. See *Taylor v. DeMarco*, 2009

4

WL 2611373 at *2 (M.D.Ga. 2009) (observing that "[p]laintiff cannot seriously dispute that [d]efendant was within the scope of his discretionary authority when he sought the arrest warrant for plaintiff…"); see also *Hadley v. Gutierrez*, 526 F.3d 1324, 1329 (11th Cir. 2008) (finding that defendants were engaged in a discretionary function when plaintiff was arrested); *Eloy v. Guillot,* 289 Fed. App'x 339, 343 (11th Cir. 2008) (same). In this case, Defendant Abernathy was clearly acting within his discretionary authority when he arrested Plaintiff[3]. As such, the burden now shifts to the Plaintiff to overcome the defense of qualified immunity. *Vinyard*, 311 F.3d at 1346.

### C. Plaintiff Cannot Overcome the Defense of Qualified Immunity.

To overcome the defense of qualified immunity, the plaintiff must prove that (1) Defendant Abernathy violated a constitutional right and (2) that this right was clearly established at the time of the violation.[4] *Case v. Eslinger*, 555 F.3d 1317,

---

[3] Plaintiff's own Complaint alleges that "[a]t all times relevant to this action, Abernathy was acting under color of state law and within the scope of his discretionary functions as duly sworn, certified law enforcement officer employed by the [Bibb County Sheriff's Office]," Plaintiff's Complaint ¶ 11, and reiterates that "[a]t all times relevant to this action, the individual defendants were acting under color of state law and within the scope of their discretionary functions as employees of their respective agencies." Plaintiff's Complaint ¶ 158.

[4] While in the past, this two-pronged analysis was required to be conducted in sequential order, a court now has discretion to determine in what order it will analyze the two parts of the plaintiff's burden of proof. See *Pearson*, 129 S.Ct. 808 at 818 (indicating that courts "should be permitted to exercise their sound discretion

5

1325-26 (11th Cir. 2009). Plaintiff has not and cannot meet this burden[5] and his Complaint should be dismissed as against this Defendant.

### 1. Defendant Abernathy's Investigation Was Sufficient and He Is Entitled to Qualified Immunity.

Plaintiff alleges that Defendant Abernathy failed to conduct a proper investigation of the bank robberies in Bibb County, ultimately resulting in an arrest of Plaintiff without probable cause. An arresting officer is required to conduct a

---

in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand.")

[5] A court must not allow plaintiffs in constitutional tort cases to discharge their burden of showing that the federal right allegedly violated was clearly established by referring to the violation of abstract "rights." See *Anderson v. Creighton*, 483 U.S. 635, 639-41, 107 S.Ct. 3034, 3038-39 (explaining that although the "**general right** [defendant] was alleged to have violated—the right to be free from warrantless searches of one's home unless the searching officers have probable cause and there are exigent circumstances—was clearly established," the court must "consider the argument that it was **not** clearly established that **the circumstances with which [defendant] was confronted** did not constitute probable cause and exigent circumstances.") (emphasis added); see also *Barts v. Joyner*, 865 F.2d 1187, at 1190 (11th Cir. 1989)(stating that plaintiffs cannot meet their burden "by making general, conclusory allegations of some constitutional violation or by stating broad legal truisms" but must "prove the existence of a clear, factually-defined, well-recognized right of which a reasonable police officer should have known.")

reasonable investigation to establish probable cause. *Rankin v. Evans*, 133 F.3d 1425, 1435 (11th Cir. 1998). However, the Eleventh Circuit recognizes that "once an officer makes an arrest based on probable cause, he need not investigate every claim of innocence." *Williams v. City of Homestead*, 206 Fed. App'x 886 at 888 (11th Cir. 2006) (internal citation and quotation marks omitted). Plaintiff alleges that Defendant Abernathy ignored plainly exculpatory information, including Plaintiff's motor vehicle history indicating that he did not own a Chevrolet Silverado truck, Plaintiff's driving and criminal histories which raised no suggestion that Plaintiff would commit a violent crime, and Plaintiff's reputation as a well-respected businessman in his community. Plaintiff's Complaint, ¶ 97. However, that information cannot truly be categorized as "exculpatory information" when one considers the fact that Plaintiff could have perpetrated the robberies while driving a truck owned by another individual; and Plaintiff's criminal history and reputation in the community are no more "exculpatory" than those of many individuals whose arrests are met with expressions of disbelief from their families and friends.

Plaintiff further alleges that Defendant Abernathy's investigation was constitutionally deficient because Abernathy did not interview Plaintiff before seeking warrants for Plaintiff's arrest. Plaintiff's Complaint, ¶ 98. However, Defendant Abernathy based his probable cause determination on the eyewitness identification of Plaintiff by at least one bank employee, See FN 6, *infra*, and upon his own observation of the assailant's appearance on surveillance images compared to the state records photograph of Plaintiff. It was reasonable for Abernathy to do so. See *Taylor v. DeMarco*, 2009 WL 2611373 at *5 (finding it reasonable for the arresting officer to base a probable cause determination on

information received from the victim of a theft by deception and two relatives of the victim, along with bank records, in the absence of a pre-arrest interview with the arrestee); see also *Kelly v. Curtis*, 21 F.3d 1544, 1551 (11th Cir. 1994) (indicating that officer has no affirmative duty to seek out exculpatory information of which he is not aware).

The quality of an officer's investigation does not deprive him of qualified immunity. *McCormick v. Peterson*, 2008 WL 5102896 at *5, n. 5 (M.D.Ga.) Defendant Abernathy was not responsible for conducting a trial, but simply for deciding whether there was probable cause to seek warrants for the arrest of Plaintiff. Many of the items or investigatory steps that Plaintiff alleges should have been considered or taken by Defendant Abernathy prior to his obtaining arrest warrants (such as subpoenaing Plaintiff's bank records and interviewing witnesses who could substantiate Plaintiff's whereabouts at the time the robberies occurred), Plaintiff's Complaint, ¶ 98, were activities more appropriate for Plaintiff's defense attorney than for the arresting officer. Defendant Abernathy's investigation was sufficient to establish probable cause; Plaintiff's allegation that it was constitutionally deficient is nothing more than an unsupported conclusory statement.

### 2. Defendant Abernathy Had Actual Probable Cause For Plaintiff's Arrest, So Plaintiff's False Arrest Claim is Barred.

An arrest without probable cause, the constitutional tort that Plaintiff alleges was committed by Defendant Abernathy, violates a plaintiff's Fourth Amendment right to be free from an unreasonable search and provides a basis for a section 1983 claim. *Storck v. City of Coral Springs*, 354 F.3d 1307, 1314 (11th Cir. 2003). However, the existence of probable cause at the time of arrest constitutes an

absolute bar to a section 1983 claim for false arrest. *Marx v. Gumbinner*, 905 F.2d 1503, 1505-06 (11th Cir. 1990) (emphasis added).

Actual probable cause to arrest "'exists when law enforcement officials have facts and circumstances within their knowledge sufficient to warrant a reasonable belief that the suspect had committed or was committing a crime.'" *Case v. Eslinger*, 555 F.3d 1317, 1327 (11th Cir. 2009) (quoting *U.S. v. Gonzalez*, 969 F.2d 999, 1002 (11th Cir. 1992)). Probable cause does not mandate overwhelmingly persuasive evidence, but only "reasonably trustworthy information" and must be judged with a "common sense view to the realities of normal life." *Marx v. Gumbinner*, 905 F.2d 1503 at 1506 (internal citations omitted). The evidence of criminal activity does not have to be overwhelming, and the fact that "a defendant is subsequently acquitted or charges are dropped against the defendant is of no consequence." *Id.* at 1507.

The assertion that Defendant Abernathy had actual probable cause to arrest Plaintiff for the two Bibb County robberies finds support in both Georgia State and Federal case law. In *Fiscus v. City of Roswell*, 832 F.Supp. 1558 (N.D.Ga. 1993), the district court found that an arresting officer was shielded from suit by qualified immunity because the warrantless arrest of a Pinkerton Security Company employee was based on probable cause. 832 F.Supp. 1558, 1561 (N.D.Ga. 1993). In that case, an employee of the security company told the arresting officer that the physical description provided by two bank employees "fit" the physical appearance of the plaintiff, and the two employees later identified the plaintiff as the individual who had let himself into the bank building with his own key shortly after a theft had occurred. *Id.* at 1560. The district court agreed with the issuance of an arrest

warrant for that plaintiff, noting, "[t]here appears to be no serious contention that defendant [officer] did not, in fact, have probable cause…justifying the warrantless arrest of [plaintiff]. There is no dispute as to the eye witness identification of plaintiff, or the circumstances thereof." *Id.*

To the contrary, in *Ortega v. Christian*, 85 F.3d 1521 (11th Cir. 1996), the plaintiff was arrested for robbery after a confidential informant told the police department that a member of a gang of which the informant was also a member had committed the crime in question. 85 F.3d 1521 at 1523. The plaintiff asked to appear in a lineup or photographic lineup, but the police department held him in custody for five (5) months without bond. *Id.* at 1524. The plaintiff in *Ortega* was never identified as the individual who committed the robbery, and the Eleventh Circuit eventually held that the arresting officer lacked probable cause to arrest the plaintiff. *Id.* at 1525.

Like the arrest in *Fiscus*, Plaintiff Owens' arrest was clearly supported by probable cause. It was evident from Plaintiff's state record photograph that his physical appearance closely matched the physical description of the perpetrator provided by witnesses to the two Bibb County robberies. Moreover, Plaintiff was positively identified as the perpetrator by at least one of the Bibb County robbery victims when she saw a photographic lineup that included Plaintiff's photograph, giving Defendant Abernathy more than ample support for a reasonable belief that Plaintiff had committed the Bibb County robberies.[6]

---

[6] Plaintiff incorrectly alleges in his Complaint that only one (1) witness to the Bibb County robberies identified Plaintiff as the perpetrator. Plaintiff was, in fact, positively identified by both Amy Gorham and Nadia Jones, employees at Colonial

Conversely, Defendant Abernathy's actions in seeking an arrest warrant for Plaintiff are clearly distinguishable from the officer's lack of probable cause in *Ortega*. While the initial identification of Plaintiff as a potential suspect for the series of robberies was made by Defendant Noble on the basis of information from an informant, Defendant Abernathy conducted his own investigation, and observed the striking similarity between Plaintiff's appearance in his driver services photograph and the description of the assailant provided by witnesses as well as the appearance of the perpetrator in surveillance images of the criminal. Abernathy also arranged a photographic lineup, which resulted in the positive identification of the Plaintiff as the individual responsible for at least one of the Bibb County robberies

---

Bank and Capital City Bank respectively. However, a Rule 12(b)(6) motion to dismiss requires the court to review the complaint as if all of the allegations contained therein are true, so the court must assume that Plaintiff was only identified as the perpetrator of the Colonial Bank robbery by victim Amy Gorham and was not positively identified by any other witnesses to the crimes. Even so, the Eleventh Circuit has found that an officer is entitled to qualified immunity where he has probable cause for at least one (1) of the crimes that a suspect could be charged with prior to making the arrest. See *Skop v. City of Atlanta*, 485 F.3d 1130, 1137-1138 (11th Cir. 2007) (finding that if the arresting officer "possessed probable cause or arguable probable cause to arrest [plaintiff] for either [offense], he is entitled to qualified immunity…"); See also *Williams v. City of Homestead*, 206 Fed. App'x 886 at 887 n.1 (11th Cir. 2006) (stating that in qualified immunity determinations, "[i]f there is probable cause for one charge, the arrest was proper.")

(See Footnote 6, *supra*). Abernathy had actual probable cause[7] to obtain an arrest warrant for Plaintiff and is entitled to qualified immunity's shield against Plaintiff's claims against him.[8]

---

[7] Whether a particular factual scenario gives rise to probable cause for an arrest depends on the elements of the crime. *Crosby v. Monroe County*, 394 F.3d 1328, 1333 (11th Cir. 2004). Here, Plaintiff was arrested for robbery by intimidation, a lesser-included offense in the offense of armed robbery under O.C.G.A. § 16-8-41(a). That section states that "[a] person commits the offense of armed robbery when, with intent to commit theft, he or she takes property of another from the person or the immediate presence of another by use of an offensive weapon, or any replica, article, or device having the appearance of such weapon." O.C.G.A. § 16-8-41(a). From the facts within his knowledge at the time he sought arrest warrants for Plaintiff, as set forth herein and in Plaintiff's own Complaint, Defendant Abernathy had sufficient knowledge to form a reasonable belief that Plaintiff had committed the offense of robbery by intimidation as defined under Georgia law. Plaintiff's arrest for that offense was based upon actual probable cause.

[8] While not binding precedent in this Court, many cases from the Georgia courts provide persuasive support for a finding herein that Defendant Abernathy had actual probable cause to arrest Plaintiff for the Bibb County robberies. See e.g. *Franklin v. Consolidated Government of Columbus*, 236 Ga.App. 468, 512 S.E.2d 352 (1999) (finding that arresting officer was protected by qualified immunity from section 1983 claims where the plaintiff's physical appearance matched the description of a robbery suspect—who had worn a mask at the time of the robbery—and the victim and an eyewitness identified the plaintiff in a photographic

### 3. At a Minimum, Defendant Abernathy Had Arguable Probable Cause for Plaintiff's Arrest, and He is Entitled to Qualified Immunity.

Even if the Court finds that actual probable cause was lacking for Plaintiff's arrest for the Bibb County robberies, qualified immunity protects an arresting officer as long as there was <u>arguable</u> probable cause for the arrest. "[A]ll that is required for qualified immunity to be applicable to an arresting officer is 'arguable probable cause to believe that a person is committing a particular public offense[.]'" *Scarborough v. Myles*, 245 F.3d 1299, 1302 (11th Cir. 2001) (quoting *Redd v. City of Enterprise*, 140 F.3d 1378, 1384 (11th Cir. 1998); see also *Williams v. City of Homestead,* 206 Fed. App'x 886, 887-888(11th Cir. 2006) (noting that an officer is entitled to qualified immunity where the officer has arguable probable cause for arrest); *Jones v. Cannon*, 174 F.3d 1271, 1283 (11th Cir. 1999) (finding officer protected by qualified immunity where there was arguable probable cause for the lineup based on the shape of his face and profile); *Means v. City of Atlanta*, 262 Ga.App. 700, 586 S.E.2d 373 (2003) (affirming grant of summary judgment to a defendant on section 1983 claim alleging arrest without probable cause where arresting officer relied on investigation and report by corporate executive in charge of loss prevention and did not visit scene of crime, dust for fingerprints, or conduct interviews of witnesses or potential suspects); *Waters v. State*, 281 Ga. 119, 636 S.E.2d 538 (2006) (affirming the trial court's denial of a motion to suppress the admission of the criminal defendant's arrest warrant into evidence where the police officer's affidavit for arrest documented that a witness identified the defendant as being present at the scene of the crime and another witness positively identified the defendant in a photographic lineup).

arrest); *Gold v. City of Miami*, 121 F.3d 1442, 1445 (11th Cir. 1997) (pointing out distinction between actual probable cause and arguable probable cause); *Von Stein v. Brescher*, 904 F.2d 572, 579 (11th Cir. 1990) (noting that the issue in qualified immunity determinations is arguable probable cause, not probable cause in fact). Arguable probable cause exists "where 'reasonable officers in the same circumstances and possessing the same knowledge as [the arresting officer] could have believed that probable cause existed to arrest [the plaintiff].'" *Redd v. City of Enterprise*, 140 F.3d 1378, 1382 (11th Cir. 1998) (citing *Von Stein v. Brescher*, 904 F.2d 572, 579).

Accordingly, Defendant Abernathy need only show that he had arguable probable cause--a lesser standard than actual probable cause--to be entitled to qualified immunity. *Jones v. Cannon*, 174 F.3d 1271, 1283 n. 3 (11th Cir. 1999). This burden is clearly satisfied in this case, where the Plaintiff was positively identified by a victim of at least one of the Bibb County robberies, See Footnote 6, *supra,* and Plaintiff's photo from state records bears a strong resemblance to the perpetrator shown on still images captured by surveillance cameras at the Capital City Bank. A reasonable officer in Abernathy's position could have believed that he had probable cause to arrest Plaintiff for the Bibb County robberies. Plaintiff must demonstrate that <u>no reasonable officer could have found probable cause to arrest him under the totality of the circumstances</u>. *Storck v. City of Coral Springs*, 354 F.3d 1307, 1313 (11th Cir. 2003). This he simply cannot do.

The facts known to Defendant Abernathy at the time of Plaintiff's arrest were sufficient to warrant the belief that Plaintiff had committed one or both of the Bibb County bank robberies. The Plaintiff's arrest arose from the original misidentification

of Plaintiff as the perpetrator of the robberies by bank employees. "The Constitution does not guarantee that only the guilty will be arrested. If it did, [section] 1983 would provide a cause of action for every defendant acquitted—indeed, for every suspect released." *Baker v. McCollah*, 443 U.S. 137, 145, 99 S.Ct. 2689, 2695, 61 L.Ed.2d 433 (1979). The unfortunate nature of what happened to Plaintiff "should not obscure that plaintiff was accorded all of the protections …to which he was entitled" under our Constitution, *Fiscus v. City of Roswell*, 832 F.Supp. 1558 at 1564 (N.D.Ga. 1993), including a reasonable arrest based on probable cause determinations both by Defendant Abernathy and by the Magistrate Court of Bibb County, and the timely provision of a bond that would have permitted him to bond out of jail in Bibb County had the Plaintiff chosen to post the bond. There simply was no constitutional violation in connection with Plaintiff's arrest because the arrest was based on probable cause. As such, Plaintiff's claim for false arrest against Defendant Abernathy must fail.[9]

### D. Defendant Abernathy Had Actual Probable Cause For Plaintiff's Arrest, So Plaintiff's Malicious Prosecution Claim is Barred.

Plaintiff alleges that Defendant Abernathy is liable for malicious prosecution because the warrants he obtained for Plaintiff's arrest "substantially relied on" information from Defendant Noble's "constitutionally deficient investigation" into the robbery in McDonough. Plaintiff's Complaint at ¶ 172. Plaintiff further alleges that Defendant Abernathy knowingly and willfully instituted and maintained a criminal

---

[9] The existence of probable cause at the time of an arrest constitutes an absolute bar to a section 1983 claim for false arrest. *Marx v. Gumbinner*, 905 F.2d 1503, 1505-06 (11th Cir. 1990).

15

prosecution against Plaintiff[10] with malice and without probable cause, a neat (albeit unsupported) recitation of the elements of a malicious prosecution claim. Id. at ¶ 177.

The Eleventh Circuit has categorized malicious prosecution as a violation of the Fourth Amendment right to be free from unreasonable seizures and a viable constitutional tort under 42 U.S.C. § 1983. *Uboh v. Reno*, 141 F.3d 1000, 1002-03 (11th Cir. 1998); *Whiting v. Traylor*, 85 F.3d 581, 584 (11th Cir. 1996); *Kelly v. Curtis*, 21 F.3d 1544, 1554-55 (11th Cir. 1994). In order to establish a malicious prosecution claim under section 1983, a plaintiff must prove that his constitutional right to be free from unreasonable seizure was violated, in addition to proving the elements of the common law tort of malicious prosecution. *Wood v. Kesler*, 323 F.3d 872, 881 (citing *Uboh*, 141 F.3d at 1002-04; *Whiting*, 85 F.3d at 584-86; *Kelly*, 21 F.3d at 1553-55).

With regard to the common law tort of malicious prosecution, Georgia law provides that "[a] criminal prosecution which is carried on maliciously and *without any probable cause* and which causes damage to the person prosecuted shall give him a cause of action." O.C.G.A. § 51-7-40 (emphasis added); see also *Commercial Plastics Supply Corp. v. Molen*, 355 S.E.2d 86, 87 (Ga.Ct.App. 1987) (outlining the following constituent elements of a Georgia claim for malicious prosecution: (1) prosecution for a criminal offense; (2) under a valid warrant or

---

[10] The Complaint as originally pled refers to a prosecution against "Tuggle." Plaintiff's Complaint at ¶ 177. This Defendant recognizes that this was a clerical error and argues herein as if the allegations were raised against this Defendant relating to this Plaintiff.

accusation or summons; (3) termination of the prosecution in favor of the plaintiff; (4) malice in the institution and maintenance of the proceedings; (5) *lack of probable cause*; and (6) damage to the plaintiff) (emphasis added). In addition, to state a cause of action for malicious prosecution, a plaintiff must plead and prove that the criminal proceeding that gave rise to the action was terminated in favor of the accused. *Heck v. Humphrey*, 512 U.S. 477, 484, 114 S.Ct. 2364, 2371, 129 L.Ed.2d 383 (1994).

Although the Plaintiff in this case has properly alleged that a seizure (arrest in fact) occurred during the course of his prosecution and that the prosecution terminated in his favor, Plaintiff has not and cannot show that Defendant Abernathy acted without probable cause, which is a required element of a section 1983 malicious prosecution claim. *Wood v. Kesler*, 323 F.3d 872, 882 (11th Cir. 2003). This Brief explains fully the facts and circumstances which gave rise to Defendant Abernathy's having actual probable cause for the arrest of Plaintiff, as well as the clear legal support for this conclusion. The same analysis[11] applies to Plaintiff's claim for malicious prosecution, and the same result is appropriate. At a minimum, Defendant Abernathy had arguable probable cause to arrest Plaintiff for the Bibb

---

[11] Defendant Abernathy was clearly acting within his discretionary authority when he obtained and executed the warrants for Plaintiff's arrest. Thus, the remaining issue is whether his actions amounted to a violation of clearly established constitutional law. As established above, Plaintiff's arrest and prosecution were supported by probable cause, so he cannot show a violation of any clearly established constitutional right.

County robberies, and arguable probable cause raises the shield of qualified immunity for Defendant Abernathy to bar Plaintiff's malicious prosecution claim. See *Wood v. Kesler*, 323 F.3d 872, 882 (11th Cir. 2003) (finding that probable cause bars a section 1983 malicious prosecution claim); *Williams v. City of Homestead*, 206 Fed. App'x 886, 889 (11th Cir. 2006) (holding that plaintiff's malicious prosecution claim failed because plaintiff could not establish an absence of probable cause); *Atterbury v. City of Miami Police Dept.*, 322 Fed. App'x 724, 729 (11th Cir. 2009) (affirming district court's determination that officer was entitled to qualified immunity for section 1983 claim of malicious prosecution because arrest warrant and detention were supported by actual probable cause).

### III. CONCLUSION

Because Defendant Abernathy had probable cause to arrest the Plaintiff for the Bibb County robberies, Plaintiff has not suffered any deprivation of the rights afforded him by the U.S. Constitution. Therefore, Defendant Abernathy is entitled to qualified immunity from Plaintiff's claims against him, which should now be dismissed.

This 14th day of January, 2010.

/s/ Virgil L. Adams_____
**VIRGIL L. ADAMS**
Georgia Bar No. 004625

/s/ D. James Jordan_____
**D. JAMES JORDAN**
Georgia Bar No. 404465

/s/ Caroline W. Herrington_____
**CAROLINE W. HERRINGTON**
Georgia Bar No. 153008

Attorneys for Defendant John Abernathy

ADAMS, JORDAN & TREADWELL, P.C.
Fickling & Co. Building
577 Mulberry Street, Suite 1250
P. O. Box 928
Macon, GA  31202
(478) 743-2159
(478) 743-4938 – Facsimile

**CERTIFICATE OF SERVICE**

This is to certify that the undersigned has this day served all parties in this case in accordance with the Notice of Electronic Filing ("NEF"), which was generated as a result of electronic filing in this Court.

/s/ Caroline W. Herrington
**CAROLINE W. HERRINGTON**

ADAMS, JORDAN & TREADWELL, P.C.
Fickling & Co. Building
577 Mulberry Street, Suite 1250
P. O. Box 928
Macon, GA 31202
(478) 743-2159
(478) 743-4938 – Facsimile