## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| JOHN KIRK OWENS, | : | |
| Plaintiff | : | CIVIL ACTION FILE NO. 5:09-CV-399 |
| v. | : | |
| CITY OF McDONOUGH, GEORGIA; KENNETH B. NOBLE; JOHN ABERNATHY; and WILLIAM STOKES, | : | |
| Defendants | : | |

**DEFENDANT JOHN ABERNATHY'S REPLY TO PLAINTIFF'S CONSOLIDATED BRIEF IN OPPOSITION TO DEFENDANT'S MOTIONS TO DISMISS**

COMES NOW Defendant John Abernathy, ("this Defendant," "Abernathy," or "Defendant Abernathy"), by and through his attorneys of record, and submits this Reply to Plaintiff's Consolidated Brief in Opposition to Defendant's Motion to Dismiss, respectfully showing the Court as follows:

**I.  INTRODUCTION**

Plaintiff John Kirk Owens' story is a compelling one. Anyone who hears it will certainly feel sympathy for this man who was arrested by a cadre of police officers with guns drawn at his home just before Thanksgiving, and hauled away to jail for crimes he did not commit. Any one of us would feel indignation, humiliation, and anger were we in that position, emotions which invariably lead to an expectation that "someone should have to pay." But compelling facts do not change the law, and the law in this case provides ample protection for a law enforcement officer who acted reasonably under the circumstances. The unfortunate nature of what happened to Plaintiff should not obfuscate the fact that he was afforded the rights guaranteed to him by the Constitution, though he may have longed for a Constitutional guarantee that only the guilty would be arrested.

## II. DEFENDANT ABERNATHY'S WARRANT AFFIDAVITS WERE TRUTHFUL AND PLAINLY ESTABLISHED PROBABLE CAUSE

Plaintiff alleges that Defendant Abernathy's warrant affidavit for the Capital City Bank robbery contained "an outright falsehood" in that no eyewitness to the robbery identified Plaintiff as the perpetrator. This is absolutely untrue. At the pleading stage, and in accordance with the Federal Rules, Defendant Abernathy has been forced to go along with the presumption that Plaintiff's allegation in his Complaint that only one witness positively identified Plaintiff as the perpetrator of the Bibb County robberies was true. However, Defendant Abernathy, through his counsel, made Plaintiff aware of the erroneous nature of that allegation during the Rule 26 discovery conference between counsel for all parties and in his submission of Initial Disclosures which included a copy of the identification provided by Nadia James, an employee of Capital City Bank. In fact, one of the documents tendered by Plaintiff himself in connection with his Consolidated Brief in Opposition to Defendant's Motions to Dismiss references the fact that there were two positive identifications of Plaintiff as the perpetrator of the Bibb County crimes.[1] Plaintiff should not be permitted to allege erroneous facts in his Complaint and then rely on

---

[1] See Plaintiff's Ex. A 000016, a supplemental investigation report on the Capital City Bank robbery prepared by Investigator Paul Osgood, which states: "A few hours later I received a call from Lt. Abernathy informing me that one of the tellers at the Colonial Bank picked out Owens as the suspect in his case and another had picked out Owens in my case."

those allegations to forestall a legally sound Rule 12 motion[2] or to perpetuate a misrepresentation of the facts in this case. Accordingly, Defendant Abernathy respectfully requests that the Court consider Defendant's Exhibit A, filed simultaneously herewith, under the doctrine of "incorporation by reference" in its reasoned evaluation of his Rule 12 Motion to Dismiss. See *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002).

Plaintiff further argues that Abernathy recklessly disregarded the truth by misrepresenting and omitting facts material to a probable cause determination in both warrant applications at issue in this case. While the Fourth Amendment rightly demands a factual showing that is truthful to comprise probable cause, "[t]his does not mean 'truthful' in the sense that every fact recited in the warrant affidavit is necessarily correct, for probable cause may be founded upon hearsay and upon information within the affiant's own knowledge that sometimes must be garnered hastily. But surely it is to be 'truthful' in the sense that the information put forth is believed or appropriately accepted by the affiant as true." *Franks v. Delaware*, 438 U.S. 154, 165, 98 S.Ct. 2674, 2681 (1978)(quoting *U.S. v. Halsey*, 257 F.Supp. 1002, 1005 (S.D.N.Y. 1966)). In this case, Abernathy's warrant applications recounted the circumstances of each robbery and truthfully stated that Plaintiff had been positively identified by a witness to each robbery in a photographic lineup. It

---

[2] Defendant Abernathy acknowledges that his Motion to Dismiss under Rule 12(b)(6) should have been styled as a Rule 12(c) Motion for Judgment on the Pleadings, but trusts that the Court herein recognizes that the distinction between the two is more semantic than substantive and will consider his Motion under Rule 12(c).

cannot be said that Abernathy did not believe or appropriately accept the information outlined in his affidavit as true, and the facts put forth in his affidavit clearly support a finding of probable cause to arrest the Plaintiff.

Plaintiff contends that Abernathy omitted facts critical to a probable cause determination from his warrant applications, and that recklessness should be inferred from those omissions. This contention likewise fails upon closer consideration. The Supreme Court in *Franks v. Delaware* considered whether a defendant in a criminal proceeding has the right to challenge the truthfulness of factual statements contained in an affidavit in support of a warrant under the Fourth and Fourteenth Amendments. 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). The Court decided that "where a defendant makes a preliminary showing that" (1) an affiant knowingly and intentionally included a false statement in an affidavit, or (2) made the false statement with reckless disregard for its truth, and (3) the false statement was necessary to the finding of probable cause, then constitutional mandate requires that a hearing be held at the defendant's request." *U.S. v. Sims*, 845 F.2d 1564 (11th Cir. 1988)(citing *Franks v. Delaware*, 438 U.S. at 171-172, 98 S.Ct. at 2684-85.) Though *Franks* dealt with misstatements in an affidavit, it has been recognized that allegations of material omissions are to be treated similarly to claims of material misstatements. *U.S. v. Parks*, 531 F.2d 754, 758-59 (5th Cir. 1976). Under the *Franks* standard, a misstatement will "vitiate an affidavit only if it is established that the misstatement was the product 'of deliberate falsehood or of reckless disregard for the truth…Allegations of negligence or innocent mistake are insufficient.'" *U.S. v. Martin*, 615 F.2d 318, 329 (5th Cir. 1980)(quoting *Franks v. Delaware*, 438 U.S. at 172, 98 S.Ct. at 2685.) Similarly, a negligent omission will

4

not undermine an affidavit; rather it must be proven that omissions were made intentionally or with reckless disregard for the affidavit's accuracy. *U.S. v. House*, 604 F.2d 1135, 1141 (8th Cir. 1979).

In the instant case, Plaintiff argues that Abernathy omitted "plainly exculpatory evidence" that outweighed the eyewitness identification of Plaintiff as support for probable cause for arrest. This "evidence" includes facts such as the failure of eyewitnesses to the other two robberies to identify Plaintiff, Plaintiff's lack of criminal history aside from convictions for driving under the influence, and the lack of additional evidence tying Plaintiff to the robbery locations. From a practical and logical standpoint, none of these facts can rightly be characterized as "exculpatory." "If the apparent facts set out in the affidavit are such that a reasonably discreet and prudent man would be led to believe that there was a commission of the offense charged, there is probable cause justifying the issuance of a warrant." *Dumbra v. U.S.*, 268 U.S. 435, 441, 45 S.Ct. 546, 549, 69 L.Ed. 1032 (1925).

Even if the omitted facts had been included in Abernathy's affidavits, probable cause to arrest Plaintiff for the Bibb County robberies would have existed. See e.g. *U.S. v. Ofshe*, 817 F.2d 1508 (11th Cir. 1987)(finding that search warrant was properly issued despite failure to mention criminal record and incarceration of informant); *U.S. v. Jenkins*, 901 F.2d 1075 (11th Cir. 1990)(finding that probable cause would have existed even if a litany of facts omitted from the affidavit, including the criminal defendant's lack of prior criminal history and the officer's personal observation of a suspicious person and vehicle near the bank on two occasions, had been included in the affidavit); *U.S. v. Martin*, 615 F.2d 318 (5th Cir.

5

1980)(concluding that defendant failed to show that omission of facts regarding initiation of contact with informants and grant of immunity from prosecution to an informant was more than negligent); *U.S. v. Kirk*, 781 F.2d 1498 (11th Cir. 1986)(affirming finding that misidentification of defendant in warrant application was made with reckless disregard for the truth but holding that misidentification did not negate probable cause otherwise established in the warrant); *Haygood v. Johnson*, 70 F.3d 92 (11th Cir. 1995)(finding that omitted facts were insufficient to cast doubt on informant credibility such that qualified immunity for the officer could be defeated). Plaintiff simply cannot show that a reasonably well-trained officer in Abernathy's position would have known that his affidavit failed to establish probable cause and that he should not have applied for the warrant. It is only where the application is "so lacking in indicia of probable cause as to render official belief in its existence unreasonable" that the shield of qualified immunity will fail. *Malley v. Briggs*, 475 U.S. 335, 345, 106 S.Ct. 1092, 1098 (1986)(internal citation omitted).

### III.     INFORMANT AND PHOTOGRAPHIC LINEUP

Plaintiff's Complaint and Brief in Opposition to Defendant Abernathy's Rule 12 Motion emphasize the fact that Plaintiff was initially identified as a potential suspect by co-defendant Noble of the McDonough Police Department based upon information received from an informant. Though Plaintiff would leave the Court with the impression that the informant simply stated that the suspect in the surveillance photos "looked like" Plaintiff and then alluded to Plaintiff's divorce and financial difficulties, the informant personally knew Plaintiff and had a conversation some six (6) months earlier in which Plaintiff told the informant that he was going through a divorce and having significant financial problems. The informant's statements were

based on his own personal knowledge of Plaintiff, not pulled out of the air. The Eleventh Circuit has afforded weight to informant statements based upon personal knowledge in evaluating the validity of warrants, even where the warrant affiant had no direct personal knowledge of illegal activity but relied on another law enforcement agent who in turn relied on informant statements. See *U.S. v. Ofshe*, 817 F.2d 1508, 1514, 1510 (11th Cir. 1987).

Furthermore, the fact that a fellow officer initially identified Plaintiff as a potential suspect does not vitiate Abernathy's independent proof of probable cause for Plaintiff's arrest. Abernathy was entitled to rely on the judgment and information of Detective Noble in initial identification of Plaintiff as a robbery suspect. See *U.S. v. Vantresca*, 380 U.S. 102, 111, 85 S.Ct. 741, 747 (1965)("Observations of fellow officers…engaged in a common investigation are plainly a reliable basis for a warrant applied for by one of their number); *U.S. v. Davis*, 714 F.2d 896 (1983)("Officers operating in the field are entitled to rely on the information and judgment of fellow officers with whom they are working in close concert.") Nevertheless, Abernathy sought concrete, independent evidence to firmly support a finding of probable cause for the robberies within his jurisdiction by noting Plaintiff's physical resemblance to the robbery suspect depicted in surveillance photos and by then placing Plaintiff's photograph in a lineup for presentation to witnesses. The resulting positive identifications leave no room for any serious contention that Abernathy did not have probable cause to seek Plaintiff's arrest. See *Fiscus v. City of Roswell*, 832 F.Supp. 1558, 1560 (N.D.Ga. 1993).

Plaintiff seeks to apply the law relating to investigatory stops and the concomitant "reasonable suspicion" standard to the use of photographic lineups. No

matter how elastic the bootstraps, Plaintiff has not and cannot cite to any authority to support the contention that Abernathy was required to have a more substantial basis for placing Plaintiff's photograph in the lineup. See *Shabazz v. State*, 667 S.E.2d 414, 417, 293 Ga.App. 560, 562 (Ga.Ct.App. 2008)(declining to set aside conviction where defendant alleged that lineup was impermissibly suggestive because his photograph was included based on an anonymous, unverified tip. "[Defendant] has cited no authority to support his apparent claim that the police cannot use an anonymous tip to prepare a lineup.") Use of the information provided by the informant in McDonough simply did not lead Amy Gorham and Nadia James to identify Plaintiff as the person who robbed Colonial Bank and Capital City Bank in Bibb County.

## IV. SUFFICIENCY OF INVESTIGATION

Plaintiff painstakingly and dramatically points out the alleged deficiencies in Abernathy's investigation, and provides an inventory of all the things Abernathy would have discovered had he hesitated "for just a day" before arresting Plaintiff. The crux of the matter, as Plaintiff would have it, is that Abernathy would have essentially discovered that Plaintiff is a "nice guy" and "nice guys" surely do not rob banks. Plaintiff's long-term habitation in Locust Grove and his ownership of a Henry County business do not change the law. And the law does not impose a duty on officers to investigate every claim of innocence[3] once an arrest is made based on

---

[3] The *Kingsland* case cited by Plaintiff is inapposite. That case involved a deliberate effort by police officers to insulate their fellow officer from liability for a motor vehicle collision whereby they ignored information readily available to them at the accident scene and conducted a deficient investigation by ignoring the plaintiff's account of

8

probable cause. *Williams v. City of Homestead*, 206 Fed. App'x 886 at 888 (11th Cir. 2006). Nor does the law strip an officer of the protection of qualified immunity based on the quality of his investigation, *McCormick v. Peterson*, 2008 WL 5102896 *5, n.5 (M.D.Ga.) or expect him to seek out exculpatory information of which he is not aware. *Kelly v. Curtis*, 21 F.3d 1544, 1551 (11th Cir. 1994). Instead, the law recognizes that Abernathy was charged with reasonably deciding whether there was probable cause to seek warrants for Plaintiff's arrest, not with conducting a trial, and not with ferreting out alibi information that Plaintiff may have possessed.[4]

---

the accident, refusing to obtain statements from witnesses at the scene that might corroborate plaintiff's version of events, and failing to definitively establish whether there was cannabis in plaintiff's vehicle. 382 F.3d 1220, 1227-1230 (11th Cir. 2004). Conversely, Abernathy was aware of Plaintiff Owens' past criminal record and apparent lack of ownership of a vehicle matching the getaway vehicle used in the robberies but did not perceive those facts as exculpatory or as negating probable cause in the face of eyewitness identifications. Information regarding Plaintiff's whereabouts on the dates and times of the robberies was not "easily obtainable" in the same manner as the facts deliberately ignored and unexplored by the officers in *Kingsland*.

[4] Notably, Plaintiff had opportunity to provide such information to Abernathy and co-defendant Stokes, but he refused to provide a statement to the officers. As such, the assembly of alibi information was left to the province of Plaintiff's criminal defense attorney.

## V. CLEARLY ESTABLISHED LAW

Plaintiff suggests that Defendant Abernathy ignored the second prong of the qualified immunity analysis in not addressing at length whether the law applicable to Plaintiff's claims was "clearly established." Certainly in 2007 the law was clearly established that an arrest without probable cause violated the Fourth Amendment and that false swearing in a warrant affidavit violated the same constitutional mandate. These are precisely the expressions of abstract, general rights and broad legal truisms that the Supreme Court and Eleventh Circuit have cautioned against as falling far short of meeting a plaintiff's burden in constitutional tort cases. See *Anderson v. Creighton*, 483 U.S. 635, 639-41, 107 S.Ct. 3034, 3038-39 (1987); *Barts v. Joyner*, 865 F.2d 1187, 1190 (11th Cir. 1989). Defendant Abernathy urges this Court to avoid that pitfall. It was **not** clearly established in 2007 that an investigator presented with two (2) positive eyewitness identifications of a suspect as the perpetrator of two (2) bank robberies did not have probable cause to arrest the suspect. "Qualified immunity focuses on the actual, specific details of concrete cases," *Walker v. Schwalbe*, 112 F.3d 1127, 1132 (11th Cir. 1997)(citing *Lassiter v. Alabama A & M Univ.*, 28 F.3d 1146 at 1149-50 (11th Cir. 1994)), not on general rules or abstract rights. *Anderson v. Creighton*, 483 U.S. 635, 639, 107 S.Ct. 3034.

## VI. CONCLUSION

The existence of probable cause at the time of arrest constitutes an absolute bar to a section 1983 false arrest claim. *Marx v. Gumbinner*, 905 F.2d 1503, 1505-06 (11th Cir. 1990). Proof that an officer acted without probable cause is a required element of a section 1983 malicious prosecution claim. *Wood v. Kesler*, 323 F.3d 872, 882 (11th Cir. 2003). Probable cause justifies the issuance of a warrant where

the facts outlined in the affidavit provide a reasonable basis for a belief that a crime was committed, *Dumbra v. U.S.*, 268 U.S. 435, 440-41, and even intentional or reckless omissions from a warrant affidavit will invalidate the warrant only where inclusion of the facts would prevent a finding of probable cause. *U.S. v. Jenkins*, 901 F.2d 1075, 1080 (11th Cir. 1990). Even a compelling story cannot change these bedrock principles of law, all of which point to the conclusion that Plaintiff's claims against Defendant Abernathy should be dismissed.

This 22nd day of February, 2010.

/s/ Virgil L. Adams_____
**VIRGIL L. ADAMS**
Georgia Bar No. 004625

/s/ D. James Jordan_____
 **D. JAMES JORDAN**
Georgia Bar No. 404465

/s/ Caroline W. Herrington_____
**CAROLINE W. HERRINGTON**
Georgia Bar No. 153008

Attorneys for Defendant John Abernathy

ADAMS, JORDAN & TREADWELL, P.C.
Fickling & Co. Building
577 Mulberry Street, Suite 1250
P. O. Box 928
Macon, GA  31202
(478) 743-2159
(478) 743-4938 – Facsimile

## **CERTIFICATE OF SERVICE**

This is to certify that the undersigned has this day served all parties in this case in accordance with the Notice of Electronic Filing ("NEF"), which was generated as a result of electronic filing in this Court.

          /s/ Caroline W. Herrington
          **CAROLINE W. HERRINGTON**

ADAMS, JORDAN & TREADWELL, P.C.
Fickling & Co. Building
577 Mulberry Street, Suite 1250
P. O. Box 928
Macon, GA  31202
(478) 743-2159
(478) 743-4938 – Facsimile