**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

**JOHN KIRK OWENS,**

     **Plaintiff,**

**v.**

**CITY OF McDONOUGH, GEORGIA;**
**KENNETH B. NOBLE; and WILLIAM**
**STOKES,**

     **Defendants.**

**CIVIL ACTION FILE**
**NO. 5:09-CV-399**

**DEFENDANT CITY OF McDONOUGH and**
**DEFENDANT KENNETH B. NOBLE'S BRIEF IN SUPPORT OF**
**THEIR MOTION FOR SUMMARY JUDGMENT**

COME NOW the CITY OF McDONOUGH, GEORGIA and KENNETH B.

NOBLE, by and through their attorney of record, and submit this Brief in Support

of their Motion for Summary Judgment, respectfully showing the Court as follows:

**STATEMENT OF FACTS**

John Kirk Owens filed a lawsuit on November 19, 2009 alleging Federal

constitutional violations of the 4th and 14th Amendments against Kenneth B. Noble,

John Abernathy and William Stokes and alleging Monell liability against the City

of McDonough.  These allegations stem from his arrest on a State warrant and

subsequent incarceration in Bibb County by the Bibb County Sheriff's Department.

After his own independent investigation, Detective Abernathy obtained an arrest warrant for Owens involving two Bibb County robberies. Detective Abernathy arrested Owens at his Henry County residence on the evening of November 21, 2007. Owens was incarcerated from November 21, 2007 to December 7, 2007 in the Bibb County jail.

On November 21, 2007, Defendant Noble obtained a search warrant for Owens' residence after he received a call from Detective Abernathy that he would be arresting Owens later that afternoon. On November 29, 2007, Defendant Noble obtained an arrest warrant for Owens on the count of Robbery By Intimidation for a robbery committed in McDonough on October 26, 2007. Owens voluntarily turned himself into the Henry County Sheriff's Office on December 12, 2007, where he was booked and released. Owens was never jailed in Henry County on these charges. The perpetrator committed another robbery in Henry County on December 12, 2007. Defendant Noble then recalled the Henry County arrest warrant on December 13, 2007.

Owens, in his deposition testimony, admits that he does not believe that the Defendants conspired to arrest him for these robberies. He also admits that the only damages he received occurred because of his incarceration in the Bibb County

Jail. A further detailed Statement of Undisputed Material Facts accompanies this Brief.

## STANDARD FOR SUMMARY JUDGMENT

Under Fed. R. Civ. P. 56, the Court should grant a Motion for Summary Judgment where "there is no genuine issue as to any material fact and…the moving party is entitled to judgment by a matter of law." The movant carries his or her burden by showing the Court that there is "an absence of evidence to support the nonmoving party's case." <u>Celotex Corp v. Catrett</u>, 477 U.S. 317, 325 (1986). If the movant satisfies this burden, then the burden shifts "to the nonmoving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." <u>Clark v. Coats & Clark, Inc.</u>, 929 F.2d 604, 608 (11th Cir. 1991). The nonmovant is then required "to go beyond the pleadings" and present competent evidence in the form of affidavits, depositions, admissions, and the like, designating "specific facts showing that there is a genuine issue for trial." <u>Celotex</u>, 477 U.S. at 334. Generally, "[t]he mere existence of a scintilla of evidence" supporting the nonmovant's case is insufficient to defeat a motion for summary judgment. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 252 (1986). The Court, in resolving all reasonable doubts in favor of the nonmovant, must determine

"whether a fair-minded jury could return a verdict for the Plaintiff on the evidence presented." Id.

This case was brought under 42 U.S.C. § 1983 against Noble in his individual capacity, and Noble has asserted the defense of qualified immunity. Once the defense of qualified immunity is raised, "the burden of persuasion as to that issue is on the Plaintiff." Montoute v. Carr, 114 F.3d 181, 184 (11th Cir. 1997). Only after this burden is met will a genuine issue of material fact be sufficient to preclude summary judgment for the Defendant in his individual capacity. See Courson v. McMillian, 939 F.2d 1479, 1488 (11th Cir. 1991).

## ARGUMENT AND CITATION OF AUTHORITY

### A. THE COURT SHOULD GRANT SUMMARY JUDGMENT TO DEFENDANT NOBLE BECAUSE HE IS ENTITLED TO QUALIFIED IMMUNITY.

Defendant Noble, a certified law enforcement officer of the State of Georgia, is protected by qualified immunity as to all claims brought by Plaintiff under 42 U.S.C. § 1983 because, at all times relevant to these events, he was objectively performing reasonable discretionary acts within the scope of his employment with the McDonough Police Department and did not violate any clearly established constitutional right of which a reasonable person would have known. "Government officials, including police officers, are entitled to immunity from

personal liability under 42 U.S.C. § 1983 if their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Outlaw v. Nasworthy et al., 551 S.E.2d 785, 787 (2001) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). In order for a law to be so clearly established that qualified immunity will not apply, "the law must have been earlier developed in such a concrete and factually defined context to make it obvious to all reasonable government actors, *in the Defendant's place*, that 'what he is doing' violates federal law." Lassiter v. Alabama A&M University, 28 F.3d 1146, 1149 (11th Cir. 1994) (quoting Anderson v. Creighton, 483 U.S. 635 (1987)) (emphasis added).

Qualified immunity shall be denied by a court only when "pre-existing law must dictate, that is compel (not just suggest or allow or raise a question about), the conclusion for every like-situated, reasonable government agent that what Defendant is doing violates federal law *in the circumstances*." Id. at 1150 (emphasis in the original). Therefore, "the test for determining whether a Defendant is protected from suit by the doctrine of qualified immunity is the objective reasonableness of the Defendant's conduct as measured by reference to clearly established law." Outlaw, 551 S.E.2d at 788 (quoting Gardner v. Rogers, 480 S.E.2d 217 (1996)).

The Supreme Court urges the application of the affirmative defense of qualified immunity at the earliest possible stage of litigation since the defense is an immunity from the suit itself and not just from damages. See Hunter v. Bryant, 502 U.S. 224 (1991). The Supreme Court previously held, "if the law did not put the officer on notice that his conduct would be clearly unlawful, summary judgment based on qualified immunity is appropriate." Saucier v. Katz, 533 U.S. 194. Since Noble was not aware that his conduct would be clearly unlawful, summary judgment based on qualified immunity is proper in this case. Pearson v. Callahan, 555 U.S. 223 (2009).

For Noble to invoke qualified immunity, he must only show that he was acting within his discretionary authority when the events giving rise to the Plaintiff's claims occurred. Gonzalez v. Reno, 325 F.3d 1228 (11th Cir. 2003) (citing Vinyard v. Wilson, 311 F.3d 1340 (11th Cir. 2002)). When a court assesses whether a particular act is discretionary, it must determine "whether the government employee was (a) performing a legitimate job-related function...(b) through means that were within his power to utilize." Holloman v. Harland, 370 F.3d 1252, 1265 (11th Cir. 2004). Under settled law, an officer's acts of obtaining and executing an arrest warrant qualify as discretionary functions of law enforcement officers. See Taylor v. DeMarco, 2009 WL 2611373 (M.D.Ga.

2009); see also <u>Hadley v. Gutierrez</u>, 526 F.3d 1324 (11th Cir. 2008).  Moreover, Plaintiff's Complaint states that "[a]t all times relevant to this action, Noble was acting under color of state law and within the scope of his discretionary functions as [a] duly sworn, certified law enforcement officer employed by the McDonough Police Department."  (Doc 1, ¶ 9).  Since Defendant Noble was acting within his discretionary authority, "the burden shifts to the Plaintiff to show that qualified immunity is not appropriate."  See <u>Kingsland v. City of Miami</u>, 382 F.3d 1220, 1232 (11th Cir. 2004).

To overcome the defense of qualified immunity, the Plaintiff must prove (1) that Defendant violated Plaintiff's constitutional rights; and (2) that the right violated was clearly established at the time of the incident.  <u>Garczynski v. Bradshaw</u>, 573 F.3d 1158, 1166 (11th Cir. 2009).  In order to determine if Defendant Noble violated Owens' constitutional rights, the court must look at what Noble knew at the time of the alleged constitutional violation.  This is a case specific factual analysis that must be viewed in a light most favorable to Plaintiff.

Plaintiff argues that Defendant Noble conducted a deficient investigation by ignoring exculpatory information including, but not limited to, Defendant Noble's failure to reference Plaintiff's motor vehicle history indicating that he did not own the "get away" car in question; Defendant Noble's failure to obtain information as

to whether at the time of the robberies Plaintiff resembled his drivers license picture on record in 2004; and Defendant Noble's failure to interview Plaintiff before seeking a warrant for his arrest. (Doc 1, ¶ 64-65, 71). Although this information may have proven exculpatory, the proper question before the Court is not the quality of the investigation conducted by Noble, but rather if Noble had probable cause arising from the investigation.

An arresting officer is entitled to qualified immunity when "the officer has an objectively reasonable basis for believing that the facts alleged in his affidavit are sufficient to establish probable cause." Malley v. Briggs, 106 S.Ct. 1092, 1095 (1986). Defendant Noble based his probable cause determination on several factors including, but not limited to, the strong similarities between the still photographs taken at the Marathon Gas Station and Owens' driver's license photograph on record in 2004; the identification of the photograph of the bank robber by a jail trustee that formerly worked with Owens; and the identification of Owens from a photographic line up by an eye witness to one of the robberies in Bibb County. "Only where the warrant application is so lacking in indicia of probable cause as to render official belief in its existence unreasonable will the shield of immunity be lost." Id. at 1098 (quoting United States v. Leon, 468 U.S. 897 (1984)).

Due to the foregoing facts, Plaintiff will not be able to meet his heavy burden requiring that he prove that Defendant violated his constitutional rights and that the right violated was clearly established at the time of the incident. The Supreme Court has found that "[p]robable cause requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." Illinois v. Gates, 462 U.S. 213, 245 (1983). Defendant Noble's investigation was sufficient to establish probable cause, or at the very least, provided grounds to support a finding of arguable probable cause; accordingly, Defendant Noble should receive summary judgment on all federal claims.

Plaintiff alleges that his Fourth Amendment right to be free from an unreasonable search and seizure was violated by Defendant Noble because he allegedly arrested Plaintiff without probable cause, which provides a basis for a § 1983 claim. Storck v. City of Coral Springs, 354 F.3d 1307, 1314 (11th Cir. 2003). However, the existence of probable cause at the time of arrest constitutes an *absolute bar* to a § 1983 claim for false arrest. Marx v. Gumbinner, 905 F.2d 1503, 1505-06 (11th Cir. 1990) (emphasis added).

Actual probable cause to arrest "exists when law enforcement officials have facts and circumstances within their knowledge sufficient to warrant a reasonable belief that the suspect had committed or was committing a crime." Case v.

Eslinger, 555 F.3d 1317, 1327 (11th Cir. 2009) (quoting U.S. v. Gonzalez, 969 F.2d 999, 1002 (11th Cir. 1992)).  The evidence of criminal activity does not have to be overwhelming, and the fact that "a defendant is subsequently acquitted or charges are dropped against the defendant is of no consequence.  Id. at 1507.

Both Georgia State and Federal case law support the assertion that Defendant Noble had actual probable cause to obtain a warrant for the arrest of Plaintiff in regards to the McDonough robbery.  In Fiscus v. City of Roswell, the District Court held that an officer was shielded from suit by qualified immunity because the warrantless arrest of a security company employee was based on probable cause.  Fiscus v. City of Roswell, 832 F.Supp. 1558 (N.D.Ga. 1993).  In Fiscus, an employee of the security company told the arresting officer that the physical description provided by two bank employees "fit" the physical appearance of the Plaintiff, and the two employees later identified the Plaintiff as the individual who had let himself into the bank building with his own key shortly after a theft had occurred.  Id. at 1560.  The Court held that there was "no serious contention that defendant did not, in fact, have probable cause…justifying the warrantless arrest of [plaintiff].  Id.

Like the arrest in Fiscus, seeking a warrant for the arrest of Plaintiff was clearly supported by probable cause.  It was evident from Plaintiff's driver's

license photograph issued by the State of Georgia that his physical appearance closely matched the physical description of the perpetrator provided by witnesses to the numerous bank robberies. Moreover, a former co-worker identified Plaintiff as the suspect in the McDonough robbery. Noble had actual probable cause to obtain an arrest warrant for Plaintiff and is entitled to qualified immunity's shield against Plaintiff's claims against him.

Even if the Court finds that actual probable cause was lacking for the issuance of an arrest warrant, qualified immunity should still apply because "to receive qualified immunity, an officer need not have actual probable cause, but only "arguable" probable cause." Grider v. City of Auburn, Ala., 618 F.3d 1240, 1257 (11th Cir. 2010) (citing Brown v. City of Huntsville, Ala., 608 F.3d 724, 735 (11th Cir. 2010)). "Arguable probable cause exists where 'reasonable officers in the same circumstances and possessing the same knowledge as [Defendant] could have believed that probable cause existed to arrest Plaintiff.'" Id. (citing Kingsland v. City of Miami, 382 F.3d 1220 (11th Cir. 2004)). In other words, Plaintiff must demonstrate that no reasonable officer could have found probable cause under these circumstances based upon the knowledge that Noble possessed at the time he obtained the arrest warrant. Plaintiff cannot meet this burden. Because Plaintiff's arrest was based on probable cause, Plaintiff did not suffer a

constitutional violation; therefore, Plaintiff's claim for false arrest against Defendant Noble must fail.

Plaintiff also alleges that Defendant Noble knowingly and willfully instituted and maintained a criminal prosecution against him with malice and without probable cause. (Doc 1, ¶ 177). In order to establish a malicious prosecution claim under § 1983, Plaintiff must prove: (1) the elements of common law tort of malicious prosecution, and (2) a violation of the Fourth Amendment right to be free from unreasonable seizures. Kingsland at 1233. Georgia law provides that "[a] criminal prosecution which is carried on maliciously and ***without any probable cause*** and which causes damage to the person prosecuted shall give him a cause of action." O.C.G.A. § 51-7-40 (emphasis added); see also Commercial Plastics Supply Corp. v. Molen, 355 S.E.2d 86, 87 (Ga.Ct.App. 1987). Defendant Noble recalled the warrant he obtained as soon as he determined that the prosecution would be terminated in Plaintiff's favor. Even if Plaintiff could prove that a seizure occurred, he would not be able to establish that Defendant Noble acted without probable cause, causing his § 1983 malicious prosecution claim to fail.

Because Defendant Noble had probable cause to obtain a warrant for Plaintiff's arrest for the McDonough robbery, Plaintiff has not suffered any

deprivation of the rights afforded him by the U.S. Constitution, specifically by the Fourth and Fourteenth Amendments. Therefore, Defendant Noble is entitled to qualified immunity from Plaintiff's claims against him, which should mandate a ruling in favor of Defendant Noble on his Motion for Summary Judgment.

    **B.    THE COURT SHOULD GRANT SUMMARY JUDGMENT TO THE CITY OF MCDONOUGH BECAUSE ANY ALLEGED CONSTITUTIONAL VIOLATION WAS NOT THE RESULT OF AN OFFICIAL POLICY.**

Plaintiff asserts that his alleged constitutional injury was caused by the failure of the MPD to "provide adequate training to criminal investigators assigned to its Criminal Investigations Division on basic principles of criminal investigation." (Doc 1, ¶ 186). To hold a city liable under 42 U.S.C. § 1983, a plaintiff must demonstrate

> …that the complained of action implements or executes a policy statement, ordinance, regulation or decision officially adopted and promulgated by that body's officers or else is visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decision making channels.

Dorsey v. Wallace, 134 F.Supp.2d 1364, 1469 (N.D. Ga. 2000) (quoting Monell v. Department of Social Services of the City of New York, 436 U.S. 658, 690-691 (1978) (internal citations omitted). Therefore, the City of McDonough may not be held vicariously liable for a constitutional tort. The Supreme Court established this principle in a 1978 case:

> Congress did not intend municipalities to be held liable unless action pursuant to official municipal **policy** of some nature causes a constitutional tort. [A] municipality cannot be held liable under § 1983 on a **respondeat superior** theory.

Id. at 691 (emphasis added).

The circumstances under which a plaintiff can recover under 42 U.S.C. § 1983 for failure to train are very narrow. "[T]he inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." Canton v. Harris, 489 U.S. 378, 389 (1989). In addition, for a plaintiff to recover, "the identified deficiency in a city's training program must be closely related to the ultimate injury." Id. at 391.

To establish deliberate indifference, "a plaintiff must present some evidence that the municipality knew of a need to train and/or supervise in a particular area and the municipality made a deliberate choice not to take action." Gold v. Miami, 151 F.3d 1346, 1350-51 (11th Cir. 1998). Municipal liability "attaches where – and only where – a deliberate choice to follow a course of action is made among various alternatives" by local policymakers. Pembaur v. Cincinnati, 475 U.S. 469, 483 (1986). Such a deliberate choice requires that policymakers have "actual or constructive notice that the particular omission is substantially certain to result in the deprivation of the constitutional rights of their citizens." Young v. City of

<u>Augusta</u>, 59 F.3d 1160, 1172 (11th Cir. 1995).  A plaintiff may demonstrate actual or constructive notice by showing either:  (1) that the need for a particular type of training is obvious because the employees face clear constitutional duties in recurrent situations or (2) "that the need for more or better training is obvious because a pattern of constitutional violations exists such that the municipality knows or should know that the corrective measures are needed."  <u>Id.</u>  The latter option requires a "widespread practice that…is so permanent and well settled as to constitute a custom or usage with the force of law."  <u>Id.</u>

Under the standards enunciated in <u>Dorsey</u>, <u>Gold</u>, and <u>Young</u>, the Plaintiff is required "to demonstrate" and "to present evidence" of the policy which led to the alleged constitutional violation.  Here, Plaintiff has failed to provide any factual allegation of such a policy.  He has simply made statements of legal conclusions, which are vague and insufficient inferences.  Since Plaintiff cannot prove that the City of McDonough was deliberately indifferent with respect to training, or that there was a pattern of widespread abuse, his claims against the City should be dismissed.

**C.  OWENS DID NOT SUFFER AN ACTUAL INJURY CAUSED BY DEFENDANT NOBLE OR THE CITY OF MCDONOUGH; THEREFORE, HE SHOULD NOT BE ALLOWED TO RECOVER DAMAGES FROM THESE DEFENDANTS**

In his Complaint, Plaintiff requests compensatory, special and punitive damages from Defendant Noble due to his alleged false arrest and malicious prosecution.  Plaintiff claims that he was economically injured and experienced pain and suffering, mental and emotional distress, anxiety, humiliation, outrage and loss of professional and personal reputation.  Plaintiff contends that the time he spent in jail pursuant to the Bibb County warrants was "worse than stressful" because he missed his son's sixteenth birthday and missed Thanksgiving with his family.  See Owens Dep. 59:1-8, May 10, 2011.  However, Plaintiff admits that this stress was caused *only* by the period of time he spent in jail as a result of his arrest on the Bibb County warrants.  See Owens Dep. 59:1-8.  He further admits that there was no conspiracy between Officer Noble, Officer Abernathy and Officer Stokes that required him to spend time in the Bibb County jail.  See Owens Dep. 59:9-13.  Therefore, the damages suffered by Plaintiff, if any, occurred because of the warrants taken out in Bibb County.

Plaintiff did voluntarily turn himself into the Henry County Sheriff's Office on December 12, 2007, where he was immediately booked and released.  He admitted in his deposition testimony that he did not receive any injuries because of the search warrant or arrest warrant taken out by Defendant Noble in McDonough.  Compensatory damages may not be awarded under 42 U.S.C. § 1983 absent proof

of actual injury.  <u>Jolivet v. Deland</u>, 966 F.2d 573 (1992); see also <u>Horina v. City of Granite City, Ill.</u>, 538 F.3d 624 (2008).  Plaintiff admitted that he did not receive an actual injury from Defendant Noble or from Defendant City of McDonough; therefore, he should be precluded from obtaining compensatory damages from these Defendants.

Even if it is found that Plaintiff received an actual injury, he has not produced any evidence as to the intrinsic value of his compensatory damages as a result of his claims.  Compensatory damages may not be awarded based on an abstract value or the importance of the constitutional rights that were allegedly violated.  <u>Bailey v. Andrews</u>, 811 F.2d 366 (1987).  Although it is tough to place an intrinsic value on humiliation and emotional distress, the court requires that the plaintiff show an actual injury or that a certain amount of damages represents adequate compensation for purported injuries.  <u>Horina</u>, supra.  Plaintiff has failed to provide any evidence as to the injuries he suffered as a result of humiliation and emotional distress, which prevents him from recovering compensatory damages as a result of these alleged injuries.  Further, Plaintiff should be barred from receiving attorney's fees where there are no compensatory damages.  <u>Caruso v. Forslund</u>, 47 F.3d 27 (1995).

Plaintiff also requests that the trier of fact award him punitive damages based on his alleged constitutional violations. Punitive damages are not recoverable against a municipal corporation. City of Newport et al., v. Fact Concerts, Inc. and Marvin Lerman, 453 U.S. 247 (1981). "Punitive damages may be awarded in the discretion of the trier of fact against a defendant [in his individual capacity] under 42 U.S.C. § 1983 when the trier of fact finds: (1) The Plaintiff is entitled to receive compensatory damages; and (2) The act which proximately caused the injury to the Plaintiff was maliciously, wantonly, or oppressively done." Rheuark v. Shaw, 477 F.Supp. 897 (1979) (citing Crowe v. Lucas, 595 F.2d 985 (5th Cir. 1979). Plaintiff should not be awarded compensatory damages; therefore, Plaintiff cannot be awarded punitive damages. Even if Plaintiff is awarded compensatory damages, Defendant Noble did not act maliciously, wantonly, or oppressively to warrant an award of punitive damages against him.

Based on Plaintiff's own assertion that an actual injury, if any, occurred because of his arrest and incarceration in Bibb County and his inability to intrinsically prove those injuries, Defendant City of McDonough and Kenneth B. Noble should not be responsible for damages to Plaintiff.

## CONCLUSION

For the above and foregoing reasons, Defendants' Motion for Summary Judgment should be granted, and Plaintiff's claims against Defendants should be dismissed.

This the 30th day of August, 2011.

Respectfully Submitted,

THE WHALEN LAW FIRM LLP


/s/    Andrew J. Whalen, III
Andrew J. Whalen, III
Georgia Bar No. 750625
Leigh C. Hancher
Georgia Bar No. 322282
Attorneys for Defendants


101 South Hill Street             Attorney for Defendants
P.O. Box 133                    City of McDonough and
Griffin, Georgia 30224          Kenneth B. Noble
(770) 227-9456
ajwhalen3@whalenlaw.net

**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

**JOHN KIRK OWENS,**

      **Plaintiff,**

v.

                                    **CIVIL ACTION FILE NO.**
                                      **5:09-CV-399**

**CITY OF MCDONOUGH, GEORGIA,**
**KENNETH B. NOBLE, and**
**WILLIAM STOKES,**

      **Defendants.**

## CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

| | |
|---|---|
| William J. Atkins, Esq. | Jason C. Waymire, Esq. |
| The Atkins Firm, LLC | Williams, Morris & Waymire, LLC |
| 6400 Powers Ferry Road, Suite 355 | 4330 S. Lee St., Bldg. 400, Suite A |
| Atlanta, GA 30339 | Buford, GA |

                              /s/    Andrew J. Whalen, III
                              Andrew J. Whalen, III
                              Georgia Bar No. 750625
                              Leigh C. Hancher
                              Georgia Bar No. 322282

THE WHALEN LAW FIRM LLP       Attorney for Defendants
101 South Hill Street                City of McDonough and
P.O. Box 133                       Kenneth B. Noble
Griffin, Georgia 30224
(770) 227-9456
ajwhalen3@whalenlaw.net

CERTIFICATION:  The above-signed counsel hereby certifies that this document was prepared in Times New Roman 14 point font in accordance with LR 5.1B, N.D.Ga.